Joseph B. ROSENBLATT, Daniel J. Hirtenstein, Allan Ross, Goldie Tropper, Joseph Lerman and Saleh S. Darwish, Plaintiffs,

v.

OMEGA EQUITIES CORPORATION, Eric Emory, J. M. Tenney, Leonard Kingstone, Harry Banks, Jack Morganstern, R. S. Hull, R. J. Bernard, Irving Schuyler, Arthur Jarwood, Abraham Traub, Stephen Askin, Harry Silvers, Erwin Bernstein, Theodore Lakos, Leonard Cohen, Meyerson & Co., Kleiner, Bell & Co., John B. Licata & Co., Fred Mates and Peat, Marwick & Mitchell & Co., Defendants.

No. 69 Civ. 90.

United States District Court, S. D. New York.

Feb. 24, 1970.

Markewich, Rosenhaus, Markewich & Friedman, New York City, for plaintiffs.

Pomerantz, Levy, Haudek & Block, New York City, for defendant Kleiner, Bell & Co.

Morrison, Paul & Beiley, New York City, for defendant Lakos.

MANSFIELD, District Judge.

In this combined derivative and representative stockholders suit for damages against officers and directors of Omega Equities Corporation ("Omega") and certain third parties allegedly acting in collaboration with them, charging violation of the federal securities acts in connection with the issuance and over-the-counter sale of Omega Class A common stock, plaintiffs seek an order pursuant to Rule 23(c) (1), F.R.Civ.P., permitting the suit to be maintained as a class action. The motion is not opposed except by one individual defendant and by defendant Kleiner, Bell & Co., which asks exclusion of claims based on § 12 of the Securities Act of 1933. For the reasons stated below the motion is granted.

For present purposes it is unnecessary to analyze plaintiffs' claims in detail. In general the complaint charges in several causes of action that during the period from January 1, 1967 to March 31, 1969, defendants defrauded Omega and its stockholders by engaging in conduct in violation of various sections of the Securities Act of 1933 and the Securities Exchange Act of 1934. Among other things it is alleged that Omega's directors and officers issued company stock to themselves and nominees at inadequate prices, sold unregistered stock to mutual funds at discount prices, appropriated to their own use inside information as to the company's acquisition and merger program, issued false and misleading statements regarding its acquisitions for the purpose of inflating the price of Omega stock, and wasted its assets. The defendants who were not officers and directors of the company are alleged to have participated in various ways in the wrongdoing. It is further alleged that defendants' misconduct caused the over-the-counter price of the stock to rise from less than $1 per share to $35 per share during the period from April 30, 1968 to December 9, 1968, and resulted in SEC suspension of over-the-counter trading in the stock, the institution of various SEC proceedings, and serious damage to the corporation and to its numerous public stockholders.

The specifics with respect to the alleged claims, including the false and misleading statements, are set forth in some detail in the 31-page complaint. Extensive pretrial discovery has already occurred in New York and California. Pursuant to order signed by Judge McLean six similar suits were consolidated into the present pending consolidated action, with the firm of Markewich, Rosenhaus, Markewich & Friedman, Esqs., as general counsel for the plaintiffs. Similar actions in Delaware and California have been temporarily stayed pending determination of the present motion.

Two classes of plaintiffs are proposed: (1) Omega stockholders who suffered damage as a result of purchasing

or retaining Class A shares during the period from January 1, 1967 to March 31, 1969; and (2) those who were injured as a result of selling Omega shares during the same period.

There appears to be no dispute about the fact that the members of the proposed class are so numerous that it would be impractical to require their joinder in a single action, much less to maintain and manage such a joint action. According to the SEC approximately 3 million shares of Omega stock were traded during the relevant period, and since the records of the company's transfer agent do not show all of the purchasers (presumably because many were made in street names), it is now impossible to state the exact number of the proposed class. However, the shares were widely traded and it is estimated that there were approximately 2,000 public shareholders scattered throughout the United States and abroad (Compl. ¶ 30) during the period.

It is equally apparent that the action presents questions of fact and law common to the class, which are typical of those that would be asserted individually by other class members, such as whether press releases and reports issued by the defendants were deceptive (which might necessitate evidence as to the entire background and content of defendants' issued statements and those filed with the SEC), the extent of knowledge and participation on the part of each of the defendants in the alleged activities, and the nature of the reliance which plaintiff is required to prove.

■■ It is true that some issues will not be common to the entire class. For instance, the complaint alleges violations of § 12 of the Securities Act of 1933, which renders the seller liable only "to the person purchasing such security from him," as distinguished from open market purchases. Surowitz v. Hilton

Hotels Corp., 7 Cir., 342 F.2d 596, reversed on other grounds, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807, rehearing denied, 384 U.S. 915, 86 S.Ct. 1333, 16 L.Ed.2d 367 (1966); Schoenbaum v. Firstbrook, 268 F.Supp. 385 (S.D.N.Y. 1967). Since privity could not be established as to all plaintiffs, the § 12 claims would not be common to the entire class. If this were a matter of first impression we would be inclined to exclude such claimants from the definition of the class, as is urged by defendant Kleiner, Bell & Co. See Dolgow v. Anderson, 43 F.R.D. 472, 492 (E.D.N.Y.1968). But § 23(b) (3) authorizes a class suit, notwithstanding inclusion of some atypical claims, upon a finding (which we make here) that common questions of fact or law predominate over questions affecting certain individual members of the class, which has been interpreted by our Court of Appeals when faced with a similar situation, to favor inclusion of such claimants in the class action. Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). Here it appears that although some class members (e. g., mutual funds) may assert § 12 claims accruing to themselves only, they would also be asserting claims based upon other sections of the federal securities laws in common with members who were purchasers in the open market. Despite some differences, therefore, such claimants are members of the same class as the named plaintiffs. Green v. Wolf Corp., *supra*; Fischer v. Kletz, 41 F.R. D. 377, 380 (S.D.N.Y. 1966) (action by stockholders and bondholders against former directors). There is no suggestion here that because of the existence of some such different claims, or for any other reason, the interests of the named plaintiffs are antagonistic to those of the other members of the class. Furthermore, members who desire to be excluded will in any event have the opportunity to "opt out" when notice is

given pursuant to Rule 23(d). Under the circumstances we must be guided by the principle that Rule 23 should be liberally construed in favor of use of the class action device as a means of vindicating the rights of absent members unable to prosecute, particularly in suits charging violations of the anti-fraud provisions of the federal securities acts. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 563 (2d Cir. 1968); Berland, et al. v. Mack, et al., 48 F.R.D. 121 (S.D.N.Y. 1969).

■ We are persuaded that the existing plaintiffs will fairly and adequately protect the interests of the members of the class in the prosecution of the action. The named plaintiffs are sufficiently substantial in number and interest to have the incentive to do so, and they are represented by counsel well versed in the particular field, who have already demonstrated their commitment and expertise in the conduct of extensive pretrial discovery.

The objections interposed by counsel for defendant Theodore M. Lakos have been thoroughly answered by the affidavit of Robert Markewich, Esq., dated February 11, 1970. The complaint and affidavits in support of the motion convince us that this is the very type of case contemplated by the drafters of Rule 23 for maintenance as a class suit. See Advisory Committee on Rule 23, Proposed Amendments to the Rules of Civil Procedure, 39 F.R.D. 69, 103 (1966). There is no indication that any of the stockholders, either because of the size of their holdings or for any other reason, are prepared in an individual capacity alone to carry the battle and finance the action out of their own pocket. A class action, therefore, is superior to any other method for the fair and efficient adjudication of the serious and substantial issues presented.

The objections are denied. The motion is granted.

Settle order.