Monroe GUTTMANN, as Executor of the Estate of Alexander Guttmann, deceased, suing representatively on behalf of itself and all other shareholders of United States Lines Co., similarly situated and derivatively on behalf of United States Lines Co., Plaintiff,

v.

Fred E. BRAEMER et al., Defendants.

No. 70 Civ. 2514.

United States District Court,
S. D. New York.

Dec. 15, 1970.

Leibowitt, Milberg, Weiss & Fox, New York City, for plaintiff.

Shea, Gallop, Climenko & Gould, New York City, for defendants Walter Kidde & Co., Walter E. Morgan, Jr., Carl W. Walter, Edward J. Heine, Jr., John F. Kidde, Walter L. Kidde, Fred R. Sullivan and Ruben P. Rosen; Bruce A. Hecker, Leon P. Gold, New York City, and Pitney, Hardin & Kipp, Newark, N. J., of counsel.

MANSFIELD, District Judge.

In this action arising from the merger of United States Lines Company ("Lines") into Walter Kidde & Company, Inc. ("Kidde") on November 29, 1968, plaintiff alleges violations of §§ 10(b) and 14(a) of the Securities Exchange Act of 1934, in that the proxy statement circulated through the mails prior to the merger vote contained untrue statements and material omissions. Our jurisdiction is invoked under § 27 of the 1934 Act.

Plaintiff has moved pursuant to Rule 23, F.R.Civ.P. and Civil Rule 11A(c) of this court for a determination that the action is maintainable as a class action for all those owning Lines stock at the time of the merger. This class would include (1) those Lines shareholders who surrendered their Lines shares in return for Kidde securities, (2) those who sought appraisal of their Lines shares and may have been awarded sums thereby, (3) those who submitted their Lines shares in exchange for Kidde securities and voted for the merger, and (4) those who did not surrender their Lines shares in connection with the merger. Plaintiff is a member of the last category only. As a continuing Lines shareholder, he urges rescission of the merger and reconstitution of Lines as a separate entity, or, if the court finds that the merger should not be rescinded because of equitable considerations, damages for himself and all public shareholders of Lines (Compl. ¶ 44C).

■■ Plaintiff's application appears to satisfy the first three prerequisites of Rule 23(a), F.R.C.P. for a class suit. The total number of Lines stockholders at the time of the merger was in excess of 7,000. The claims of misstatements and omissions in the November 8, 1968, proxy statement sent to the stockholders present common questions and to such extent they would probably be typical of claims of other members of the class, subject to differences in the extent of reliance on the part of different members. Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968). Even construing Rule 23(a) liberally, however, see Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 563 (2d Cir. 1968); Green v. Wolf Corp., supra, 406 F.2d at 299, there appear to be diverse and conflicting interests within the proposed class which preclude our finding that plaintiff would fairly and adequately protect the interests of all members of the proposed class, as required by Rule 23(a) (4), at least as long as plaintiff urges rescission. See Maynard, Merel & Co., Inc., et al. v. Carcioppolo, 51 F.R.D. 273 (S.D.N.Y. 1970); Pomierski v. W. R. Grace & Co., 282 F.Supp. 385 (N.D.Ill.1967).

The potential for conflict between plaintiff's interest and the interest of the great majority of the class he seeks to represent arises out of the fact that plaintiff continues as a Lines stockholder, whereas the great majority have exchanged their Lines shares for Kidde securities. Ordinarily the existence of differences in position, or even the possibility of certain antagonisms between class members, should not preclude the prosecution of a class suit on behalf of all. Green v. Wolf Corp., supra; Esplin

v. Hirschi, 402 F.2d 94, 101 (10th Cir. 1968), cert. denied, 394 U.S. 928, 89 S. Ct. 1194, 22 L.Ed.2d 459 (1969); Rosenblatt v. Omega Equities Corp. et al., 50 F.R.D. 61 (S.D.N.Y.1968); Frankel, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 47 (1968). Such a situation can usually be dealt with by establishing subclasses, Green v. Wolf Corp., *supra*, 406 F.2d at 299; Fischer v. Kletz, 41 F.R.D. 377, 384 (S.D.N.Y.1966). The present case, however, is not one where all members of the class want the same relief, such as damages, with some probably entitled to more than others, depending on the particular misrepresentations relied upon by each member of the class, see; e. g., Green v. Wolf Corp., *supra*; Weinberger v. Integrated Container Services, 69 Civ. 2284 (S.D.N.Y. Sept. 8, 1970). Here plaintiff prefers an entirely different type of relief from that which many other members of the proposed class would want.

Plaintiff here, never having exchanged his Lines stock in reliance upon the alleged misrepresentations in the proxy statement, would probably have a difficult time proving individual damage resulting therefrom. He therefore frankly alleges "Plaintiff's interest is to rescind the merger and reconstitute Lines as a separate entity. This will benefit the public stockholders of Lines, the profits of which have increased since the merger." (Compl. ¶44C). Unlike plaintiff, many Lines stockholders who surrendered their shares in return for Kidde securities, might be vigorously opposed to rescission and want damages or nothing. Some Lines stockholders, for instance, have already received money awards for their shares by way of appraisal and others who exchanged have undoubtedly sold their Kidde shares since the merger and hence are not in a position to surrender them in return for Lines shares. Furthermore, although plaintiff's suit was begun six months ago, no members of the other proposed subclasses have indicated an interest in the suit by instituting independent suits of their own, which frequently happens where the claims are believed to be meritorious and in the interests of the class. Nor has there been any indication that members of these other proposed subclasses desire to be represented by plaintiff.

█ In view of this potential conflict of interest between different groups within the proposed class, we expressed the view upon oral argument that plaintiff might find himself in a position where he could not fairly and adequately protect the interests of all different subgroups, see Maynard, Merrill Co. et al. v. Carcioppolo, *supra*; Pomierski v. W. R. Grace & Co., *supra*, and that he should accordingly limit his representation to those Lines shareholders who have not surrendered their Lines stock in exchange for Kidde securities (of whom there are approximately 604, according to defendants' memorandum in opposition to the present motion). Apparently with a view to obviating this problem the parties, by stipulation presented for approval on December 14, 1970, now seek to delete ¶2 of the prayer for relief, which seeks rescission, leaving plaintiff's demand for an accounting and damages. We are not disposed to approve this move. In the first place, plaintiff would continue to allege (Compl. ¶44C) that "Plaintiff's interest is to rescind the merger and reconstitute Lines as a separate entity. This will benefit the public stockholders of Lines, the profits of which have increased since the merger." Furthermore even if this latter allegation were stricken, plaintiff fails to indicate why rescission, rather than damages, would not continue to be in the best interests of the 603 similarly situated Lines shareholders. The impression created is that, as the price for being permitted to represent the much larger group of Lines stockholders for whom damages would be the more appropriate relief,

**540**

plaintiff is willing to sacrifice the rescission rights of the 603 who chose not to exchange, rights which plaintiff hitherto alleged to be in the best interests of himself and those similarly situated.

When a plaintiff seeks to represent a class he becomes a fiduciary with respect to *all* of its members. He cannot barter away the rights of some in exchange for the right to represent others. Without suggesting any evil intent on plaintiff's part or that he appreciates the full significance of his latest proposal, we do not believe that under these circumstances he would fairly and adequately represent the varying interests of all members of the proposed class. Accordingly, the motion is denied without prejudice to renewal of the rescission suit on behalf of the 603 Lines stockholders similarly situated.

It is so ordered.