**Orlando RUGGIERO et al., Plaintiffs,**

v.

**AMERICAN BIOCULTURE, INC., et al.,
Defendants.**

**Michael J. FREED and Stuart Z. Liss,
Plaintiffs,**

v.

**Robert E. HOPP et al., Defendants.**

**Michael J. FREED and Stuart Z. Liss,
Plaintiffs,**

v.

**SIEGAL, SELTZER & COMPANY,
Defendants.**

Nos. 72 Civ. 581, 71 Civ. 4607
and 72 Civ. 776.

United States District Court,
S. D. New York.

July 11, 1972.

Carrow, Bernson, Hoeniger, Freitag & Abbey, by Arthur N. Abbey, New York City, for plaintiffs Orlando Ruggiero and others.

Shea, Gould, Climenko & Kramer, by Leon P. Gold, New York City, for plaintiffs Michael J. Freed and Stuart Z. Liss.

Hughes, Hubbard & Reed, by George A. Davidson, New York City, for defendant American Bioculture, Inc.

Drinker, Biddle & Reath, by Robert S. Ryan, Philadelphia, Pa., for defendant American Bioculture, Inc.

BAUMAN, District Judge.

Plaintiffs Freed and Liss have moved for an order pursuant to Rules 23 and 42 of the Federal Rules of Civil Procedure declaring their actions, 71 Civ. 4607 and 72 Civ. 776, class actions and consolidating them with Ruggiero, et al. v. American Bioculture, Inc., 72 Civ. 581, which has already been declared a class action. They also seek to have their counsel, the firm of Shea, Gould, Climenko & Kramer, designated lead counsel for the consolidated class actions. Plaintiffs Ruggiero and Polizotto oppose these motions and have moved pursuant to Rule 23 for an order designating their counsel, the firm of Carrow, Bernson, Hoeniger, Freitag & Abbey, lead counsel in the class action against American Bioculture, Inc.

The background of this case is as follows. In October, 1971 Freed and Liss filed a derivative action (71 Civ. 4607) against certain officers and directors of American Bioculture charging them with diverting assets of American Bioculture to other corporations in which they had an interest. Shortly thereafter, the Securities and Exchange Commission filed an action (71 Civ. 5665) charging American Bioculture and two of its former officers and directors, Hopp and Hopson, with violations of Section 10 of the Securities Exchange Act of 1934 and Rule 10–b(5). Freed and Liss then amended their complaint to include a class action count, charging American Bioculture and certain of its officers and directors with violations of the securities laws. A few days later, Ruggiero and Polizotto filed their original complaint in 72 Civ. 581 charging American Bioculture and its officers and directors with the same violations and seeking to represent the same class. That complaint was later amended to include Bioculture's accountants as defendants. Freed and Liss, apparently following the lead of the Ruggiero plaintiffs, then commenced their action against the accounting firm of Siegal, Seltzer & Company. On March 9, 1972, by order of this Court, the Ruggiero action was conditionally designated a class action on behalf of all persons who purchased American Bioculture, Inc. between September 30, 1968 and December 29, 1971.

I.

The principal issue in this controversy is whether the Freed-Liss actions may be maintained as class actions. A threshold question therefore is whether Freed and Liss "will fairly and adequately protect the interests of the class." Maynard Merel & Company v. Carcioppolo, 51 F.R.D. 273 (S.D.N.Y. 1970).

The Ruggiero plaintiffs strenuously urge that Freed and Liss cannot sue derivatively on behalf of American Bioculture and, at the same time, seek recovery from that corporation as the representatives of the class. I agree.

■ It is true that as a general rule the mere fact that a class plaintiff has an additional interest not shared by the class he seeks to represent does not preclude class action treatment. See Mersay v. First Republic Corporation of America, 43 F.R.D. 465 (S.D.N.Y.1968); Herbst v. Able, 47 F.R.D. 11 (S.D.N.Y. 1966). However, where a class plaintiff has an interest which is antagonistic to those of the class the courts have consistently denied class action treatment. See e. g., Guttmann v. Braemer, 51 F.R. D. 537 (S.D.N.Y.1970); Maynard, Merel & Company v. Carcioppolo, 51 F.R.D. 273 (S.D.N.Y.1970).

■ In this case, it is difficult to see how the Freed plaintiffs can reconcile their existing duties to Bioculture and its present shareholders as derivative plaintiffs with the duties which they seek to assume on behalf of a class which attacks Bioculture and embraces persons who now hold no Bioculture shares.

I fail to see how, on the one hand, they can vigorously seek recovery on behalf of those who have an equity interest in the corporation and, on the other hand vigorously seek recovery from the corporation on behalf of those who have no equity interest in the corporation. Cf.

International Brotherhood of Teamsters, etc. v. Hoffa, 242 F.Supp. 246, 256 (D. C.1965); Lewis v. Shaffer Stores Company, 218 F.Supp. 238 (S.D.N.Y.1963). The conflict is further exacerbated by the fact that the Freed plaintiffs still hold a substantial equity interest in American Bioculture which may well outweigh any *personal* interest they have in successfully prosecuting the class action claim. Finally, there is a substantial question as to whether the attorneys for the Freed plaintiffs can represent them in the derivative suit and the class action without violating the Canons of Ethics.[1]

I therefore find that the Freed-Liss plaintiffs cannot fairly and adequately represent the class they seek to represent. The motion to declare 71 Civ. 4607 and 72 Civ. 776 class actions is denied.

## II.

■ It is clear that the complaints in the three actions before me all seek to recover damages arising out of the same misstatements, omissions and scheme. There are questions of law and fact common to all. The Court's power to order consolidation in a situation like this is well recognized. MacAlister v. Guterma, 263 F.2d 65 (2nd Cir. 1958). There the Court observed that the "purpose of consolidation is to permit trial convenience and economy in administration." That purpose would be served here since the gravamen of the three complaints

---

1. The Code of Professional Responsibility of the American Bar Association says in part:

"EC 5-14. Maintaining the independence of professional judgment required of a lawyer precludes his acceptance or continuation of employment that will adversely affect his judgment on behalf of or dilute his loyalty to a client. This problem arises whenever a lawyer is asked to represent two or more clients who may have differing interests, whether such interests be conflicting, inconsistent, diverse, or otherwise discordant."

"EC 5-15. If a lawyer is requested to undertake or to continue representation of multiple clients having potentially differing interests, he must weigh carefully the possibility that his judgment may be impaired or his loyalty divided if he accepts or continues the employment. He should resolve all doubts against the propriety of the representation. A lawyer should never represent in litigation multiple clients with differing interests; and there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests."

and the principal issues of law and fact in each of them are identical.

I therefore direct that a consolidated amended complaint be served, setting forth the derivative claims in one count and the class claims in another count. I further direct that counsel for the Freed-Liss plaintiffs limit their representation to the derivative claim for the benefit of Bioculture. The firm of Carrow, Bernson, Hoeniger, Freitag & Abbey is designated lead counsel for the class of Section 10–b(5) plaintiffs.

The parties are directed to settle an order including provisions with respect to the scope of respective counsels' activities and the form of notice to be given the class.

So ordered.