Jules WOOD and Jules and Beatrice Wood as joint tenants with right of survivorship, suing on behalf of themselves and of all others similarly situated, Plaintiffs,

v.

REX–NORECO, INC., et al., Defendants.

73 Civ. 653.

United States District Court,
S. D. New York.

Oct. 5, 1973.

Reargument Denied Dec. 19, 1973.

Bernson, Hoeniger, Freitag & Abbey, New York City, for plaintiffs; Arthur N. Abbey, Berthold H. Hoeniger, New York City, of counsel.

Finley, Kumble, Underberg, Roth & Grutman, New York City, for defendants Rex-Noreco, Salitan, Schneider and Wechsler; Herbert F. Roth, Jeffrey A. Fillman, New York City, of counsel.

OPINION

BONSAL, District Judge.

Plaintiffs move for leave to amend their complaint pursuant to Rule 15(a), Fed.R.Civ.P., for an order determining that this action may be maintained as a class action pursuant to Rule 23(c)(1), Fed.R.Civ.P., and for partial summary judgment pursuant to Rule 56, Fed.R. class allegations from the complaint pursuant to Rule 11A(d) of the local Civil Rules of this Court.

Plaintiffs, Jules and Beatrice Wood, instituted this class action on February 9, 1973 seeking damages against defendants Rex-Noreco, Inc. ("Rex"), several of its officers and directors, and Thomson & McKinnon Auchincloss, Inc. ("Thomson").

On March 20, 1972, plaintiffs purchased 2,800 shares of Rex common stock at $16½ per share and on July 12, 1972, plaintiff, Jules Wood, purchased 100 shares of Rex common stock at $11⅞ per share. Plaintiffs still retain these shares. Defendant Rex is a New Jersey corporation whose principal business is arranging and servicing loans to mobile home dealers and purchasers, and acting as agent and underwriter for various types of insurance related to mobile homes. Its wholly-owned subsidiaries include Sterling Life Insurance Co. ("Sterling"), an Arizona insurance company, and Rex Financial Corp. ("RFC"), a New Jersey corporation whose principal business is in providing inventory and retail financing for mobile home dealers. Defendant Thomson is a broker-dealer, registered with the Securities and Exchange Commission and the National Association of Securities Dealers, and is a member of the New York and American Stock Exchanges.

The complaint defines the class as being:

" . . . comprised of those persons who purchased . . . shares of common stock of Rex-Noreco, Inc.

. . . on or after the date (which is presently unknown to plaintiffs) when Noreco first determined that it might use a substantial portion of the proceeds of its March 3, 1971 public stock offering for the purchase of equity securities of mobile home manufacturers, contrary to the representations in Noreco's March 3, 1971 prospectus and in subsequent public statements and releases, and on or before November 5, 1972, and who have sustained actual or 'paper' losses on such shares."

The complaint alleges that in its March 3, 1971 registration statement and prospectus, which covered a public offering of 1,070,000 shares at $16.25 per share, and in prior and subsequent statements and releases, Rex represented to the investing public that it would use substantially all of the proceeds from the public offering to become a principal in the mobile home finance field instead of remaining as an agent for others; that between January and July of 1972, Rex used these proceeds to speculate in stocks of manufacturers of mobile homes; that defendants did not disclose the actual use of the proceeds but issued misleading reports; that since Rex purchased the stocks on margin, it was required to pledge substantially all of its assets when these stocks declined in value; that defendant Thomson, which headed the underwriting syndicate for the March 3, 1971 public offering and which acted as broker for Rex's purchases of securities, aided and abetted the nondisclosure; that defendant Thomson gained inside information and used this information to trade in Rex's stock for its own and its customers' benefit; that by engaging in the above conduct, defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("'34 Act"), Rule 10b–5 promulgated thereun-

der, Sections 7 and 14(a) of the '34 Act, and common law fraud. The jurisdiction of this Court is invoked under the '34 Act, the Securities Act of 1933 (" '33 Act"), and pendent jurisdiction.

## PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

■ Plaintiffs move for an order, pursuant to Rule 15(a), Fed.R.Civ.P., to amend the complaint and for leave to file and serve an amended complaint in the form annexed to their motion papers.

The proposed amended complaint defines the class as being:

" . . . comprised of those persons, . . . who purchased . . . shares of common stock of Rex-Noreco, Inc. . . . on or after January 1, 1972 and on or before October 31, 1972, and who have sustained realized or unrealized losses on such shares."

The proposed amended complaint alleges that statements in the March 3, 1971 prospectus and subsequent statements and releases as described in the proposed amended complaint depicted Rex as an operating company, and indicated that its surplus funds would be invested in short term government securities and certificates of deposit until applied to its operations; that on or about January 1, 1972, the individual defendants caused Rex to invest in "substantial amounts of highly speculative, volatile and risky common stocks";[1] that the above course of conduct resulted in a substantial and material change in Rex's business and should have been promptly and fully disclosed to investors; that such conduct was not disclosed until October 31, 1972; that defendant Thomson aided and abetted this nondisclosure, having acted as Rex's broker for most of

---

1. The proposed amended complaint alleges that such purchases aggregated $10 million between January and July 1972 and sales between that period amounted to $4 million; that on July 31, 1972, Rex still retained $6 million of these securities; that this represented 20% of its total assets and 30% of its net assets.

the purchases of speculative stocks; that such nondisclosure resulted in the maintenance of the price of Rex's stock at artificially high prices and caused plaintiffs to purchase Rex stock which they might not have purchased, or caused plaintiffs to purchase Rex stock at higher prices than if such material facts had been disclosed; and that such conduct violated Section 10(b) of the '34 Act, Rule 10b–5 promulgated thereunder, and common law fraud. The proposed amended complaint invokes the jurisdiction of the Court under the '34 Act and pendent jurisdiction.

Defendants point out that the class described in the proposed amended complaint is smaller than the one described in the existing complaint and contend that plaintiffs may not abandon the original class for which they brought the action without complying with Rule 23(e), Fed.R.Civ.P. However, no class determination has yet been made.

As the action was commenced on February 9, 1973, and as the defendants have not shown that they would be prejudiced by the filing of the proposed amended complaint, plaintiffs' motion to amend their complaint and for leave to file and serve the proposed amended complaint attached to their motion papers is granted. Gomez v. Miller, 337 F.Supp. 386 (S.D.N.Y.1971).

## DEFENDANTS' MOTION TO DIS-MISS THE ACTION AS A CLASS ACTION

## PLAINTIFFS' MOTION FOR CLASS DETERMINATION

■ Defendants Rex, Mark Salitan ("Salitan"), Saul Schneider ("Schneider") and Herbert Wechsler ("Wechsler"), move for an order pursuant to Rule 11A(d) of the local Civil Rules of this Court dismissing this action as a class action on the ground that plaintiffs have not moved for a determination under Rule 23(c)(1), Fed.R.Civ.P., within 60 days of the filing of the complaint

as required by Rule 11A(c) of the local Civil Rules of this Court. Plaintiffs move for an order pursuant to Rule 23(c)(1), Fed.R.Civ.P., determining that this action may be maintained as a class action.

The proposed amended complaint defines the class as:

" . . . comprised of those persons . . . who purchased . . . shares of common stock of Rex-Noreco, Inc. . . . on or after January 1, 1972 and on or before October 31, 1972, and who have sustained realized or unrealized losses on such shares."

Plaintiffs, present stockholders of Rex, seek to represent both present shareholders and former shareholders of Rex who purchased their shares during the class period. Plaintiffs have not as yet sustained any monetary loss as they still retain their Rex stock. See Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540, 546 (2d Cir. 1967). Therefore, their interest may conflict with that of former shareholders who may have sustained actual damage. See 3B Moore's Federal Practice, 2d ed., ¶ 23.07 [2] (1969); Puharich v. Borders Electronics Co., Inc., 11 F.R.Serv.2d 23a52 case 5 (S.D.N.Y.1968). Therefore, the Court finds that plaintiffs will not " . . . fairly and adequately protect the interests of the class" pursuant to the requirement of Rule 23(a)(4), Fed.R.Civ. P., with the result that the action cannot be maintained as a class action. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 561 (2d Cir. 1968).

Accordingly, plaintiffs' motion for an order declaring that this action may be maintained as a class action is denied and defendants' motion to dismiss the class action allegations is granted.

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Plaintiffs move for an order pursuant to Rule 56, Fed.R.Civ.P., for partial summary judgment on the issue

of liability of defendants Rex, Salitan, Max Martin ("Martin"), and Schneider on the grounds that plaintiffs are entitled to judgment as a matter of law, there being no genuine issue of material fact.

During the relevant period, defendant Salitan was the president and a director of Rex; defendant Martin was the senior vice-president and a director of Rex; and defendant Schneider was the financial vice-president and a director of Rex. Plaintiffs contend that the failure by the above defendants to disclose the purchases of speculative common stocks in the amounts alleged in the proposed amended complaint, particularly against a background of continuous statements that Rex was strictly an operating company, constituted, as a matter of law, an omission to state a material fact in violation of Section 10(b) of the '34 Act and Rule 10b–5 promulgated thereunder.

Defendants say that Rex traditionally invested in stocks of other companies and that they made no representations as to how surplus funds would be used. There is no indication that Rex curtailed its financing or insurance operations in the mobile home field by reason of its investments. Moreover, in June of 1972, a registration statement and preliminary prospectus filed by Rex with the Securities and Exchange Commission and the American Stock Exchange indicated the amount of common stocks owned by Sterling as of April 30, 1972, and defendants state that copies thereof were widely distributed.

In view of the foregoing, there exist issues of fact as to the extent of the disclosure, if any, of Rex's outside investments (Astor v. Texas Gulf Sulphur, 306 F.Supp. 1333, 1340 (S.D.N.Y.1969)), and the materiality of these purchases during the relevant period (Chasins v. Smith, Barney & Co., 438 F.2d 1167, 1171 (2d Cir. 1970); List v. Fashion Park, Inc., 340 F.2d 457 (2d Cir.), cert. denied sub nom. List v. Lerner, 382 U.S.

811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965)), and as to scienter. Republic Technology Fund, Inc. v. Lionel Corp., 483 F.2d 540 (2d Cir. 1973), (see concurring opinion of Mulligan, J.); Lanza v. Drexel & Co., 479 F.2d 1277 (2d Cir. 1973); Cohen v. Franchard Corp., 478 F.2d 115 (2d Cir. 1973).

Accordingly, plaintiffs' motion for partial summary judgment is denied.

Settle orders on notice.

## ON MOTION FOR REARGUMENT

This is a motion for reargument on the denial of plaintiffs' motion for an order that this action may be maintained as a class action. The Court's Opinion denying the class action was filed on October 5, 1973 and was based on the ground that plaintiffs had not shown that they could fairly and adequately protect the interests of the class they sought to represent. The motion for reargument was granted on October 18, 1973, and the parties have submitted briefs on this issue. After reconsideration, however, the Court adheres to its decision of October 5, 1973. Accordingly, the plaintiffs' motion that the action may be maintained as a class action is again denied.

As a general rule, the fact that a plaintiff may have an additional interest not shared by the class he seeks to represent does not preclude class action treatment since the court has authority under Rule 23, F.R.Civ.P., to make orders necessary for the fair presentation of the common issues. See Feder v. Harrington, 52 F.R.D. 178 (S.D.N.Y. 1970); Herbst v. Able, 47 F.R.D. 11 (S.D.N.Y.1969); Mersay v. First Republic Corporation of America, 43 F.R.D. 465 (S.D.N.Y.1968); Heilbrunn v. Hanover Equities Corporation, 259 F.Supp. 936 (S.D.N.Y.1966). However, if the plaintiff has an interest which conflicts with the interests of the class, he is not an appropriate representative of the class. See Ruggiero v. American

Bioculture, Inc., 56 F.R.D. 93 (S.D.N.Y. 1972); Guttmann v. Braemer, 51 F.R.D. 537 (S.D.N.Y.1970); Maynard, Merel & Co. v. Carcioppolo, 51 F.R.D. 273 (S.D.N.Y.1970); Pomierski v. W. R. Grace & Co., 282 F.Supp. 385 (N.D.Ill.1967).

Plaintiffs acknowledge that they purchased "approximately 2,000 shares" of Rex-Noreco stock in 1967—before the alleged misrepresentations took place—for "approximately $36,000." These shares were split 3 for 1, so that plaintiffs held 6,000 shares prior to the making of the alleged misrepresentations, which plaintiffs contend were made from March 3, 1971 to July, 1972. On March 20, 1972, plaintiffs purchased an additional 2,800 shares of Rex-Noreco stock at $16.50 per share, and on July 12, 1972, Mr. Wood purchased an additional 100 shares at $11.875 per share. Plaintiffs still hold the 8,900 shares.

■ Plaintiffs, as allegedly defrauded shareholders, are seeking damages from the corporation and the individual defendants. However, as holders of the 6,000 shares purchased prior to 1971, plaintiffs also have a substantial shareholder interest in Rex-Noreco's remaining an ongoing enterprise. In view of these substantial and conflicting interests, the plaintiffs have not shown that they can adequately represent the interests of the class of purchasers of Rex-Noreco stock after the alleged misrepresentations, a class whose interest is in the recovery of damages from the corporation. *See* Ruggiero v. American Bioculture, Inc., 56 F.R.D. 93, 95 (S.D.N.Y. 1972). For the foregoing reasons, the plaintiffs' motion for an order that this action may be maintained as a class action is denied.

■ Plaintiffs have also moved for certification of this Court's order to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b). Plaintiffs contend that the damages sustained by them are not large enough to justify the costs and fees for the individual prosecution of this action.

The damages claimed by the plaintiffs, however, are "approximately $30,000." Unlike Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2d Cir. 1966), cert. denied, 386 U.S. 1035, 87 S.Ct 1487, 18 L.Ed.2d 598 (1967), where the plaintiff's damages were only $70, the denial of the plaintiffs' class action motion here will not terminate the litigation. Accordingly, plaintiffs' motion for certification is denied.

Settle order on notice.