**Sidney A. KRAUS on behalf of himself and all others similarly situated, Plaintiff,**

**v.**

**PATERSON PARCHMENT PAPER COMPANY and Main Lafrentz & Co., Defendants.**

**No. 73 Civ. 2099.**

United States District Court, S. D. New York.

May 21, 1974.

Crystal & Driscoll, P. C., New York City, for plaintiff; Stephen Lee Crystal, New York City, of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant Paterson Parchment Paper Co.; Edward E. Blythe, Hugh N. Fryer, New York City, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Main Lafrentz & Co.; Milton Kunen, Allan M. Pepper, New York City, of counsel.

MEMORANDUM

BONSAL, District Judge.

This 10b–5 action was originally brought as a class action by Rose Moses. By decision filed November 15, 1973, defendants' motion to dismiss the complaint was granted with leave to amend. Thereafter, by stipulation of the parties filed January 2, 1974, the original plaintiff, Moses, was dropped and the present plaintiff, Sidney A. Kraus, was "added as the new plaintiff" and an Amended Complaint was served naming

him individually and as representative of the class. Kraus' deposition was taken on January 3, 1974. Kraus now moves for a class determination pursuant to Rule 23, Fed.R.Civ.P., which is opposed by the defendants.

The background facts which led to this litigation are set forth in this Court's Memorandum filed November 15, 1973 and need not be repeated here.

The only issue presented by this motion is whether the new plaintiff, Kraus, will fairly and adequately protect the interests of the class (Rule 23(a)(4)). A reading of Kraus' deposition establishes that he became interested in this litigation only after it had been commenced by the former plaintiff, Moses. He testified that after seeing a newspaper article about the Moses action he sent his daughter-in-law to the American Stock Exchange, who reported that defendant Paterson Parchment Paper Company ("Paterson") had on file a Form 8–K which included a copy of the Moses complaint, from which she ascertained that Mr. Crystal was plaintiff's attorney. Kraus thereafter communicated with Moses' attorney, Mr. Crystal, and eventually agreed to be substituted for Moses as plaintiff in the action. Mr. Kraus also testified that he had been buying and selling Paterson stock over a period of years, at least since 1968 when he received a market report from his broker. He bought and sold stock before the alleged misrepresentations were made, during the period in which they were made, and after Paterson made a public announcement correcting the misrepresentation. He continued to buy Paterson stock as the market declined, selling the higher priced stock to realize a greater tax loss.

Defendants contend that Kraus is merely a volunteer who came on the scene to revive the litigation which had been dismissed as to Moses. More importantly, defendants contend that they have defenses against Kraus' suit which would not necessarily be available with respect to members of the class whom Kraus seeks to represent. For example, plaintiff continued to hold his Paterson stock after the public disclosure of the errors in Paterson's inventory valuation, and indeed continued his program of buying Paterson stock. His continuing to buy Paterson stock, defendants say, indicates that Kraus became a beneficiary of the alleged fraud, if there was one, so that his interest is in conflict with that of other stockholders who purchased stock before the public disclosure was made and continued to hold their stock. Defendants believe that they can assert the defenses of waiver, estoppel and lack of due diligence in Kraus' action, which puts him in a different position from the members of the class whom he seeks to represent. See Royal Air Properties, Inc. v. Smith, 312 F.2d 210 (9th Cir. 1962); 3B J. Moore, Federal Practice ¶ 23.45 [2], at 23–760 (2d ed. 1974).

Kraus purchased Paterson stock prior to the first alleged fraud and sold this stock in December, 1971 during the period of the alleged frauds, at the inflated price attributable to it. In a sense, this makes Kraus a beneficiary of the alleged fraud and, at the least, puts him in a different position from the other victims of the alleged fraud whom he seeks to represent. See Ruggiero v. American Bioculture, Inc., 56 F.R.D. 93 (S.D.N.Y.1972); Guttmann v. Braemer, 51 F.R.D. 537 (S.D.N.Y.1970).

The unusual combination of factors presented by Kraus' dealings in Paterson stock, his appearance on the scene after the litigation was instituted by Moses, and the possible defenses available to defendants as to Kraus as distinguished from the members of the class which he seeks to represent, satisfy the Court that he could not fairly and adequately protect the interests of the class. Accordingly, his motion to maintain this action as a class action pursuant to Rule 23 is denied.

It is so ordered.