Phil **MADONICK**, on behalf of himself and all others similarly situated, Plaintiff,

v.

**DENISON MINES LIMITED** et al., Defendants.

No. 73 Civ. 2511.

United States District Court, S. D. New York.

July 25, 1974.

Bachner, Tally & Mantell, New York City, for plaintiff; Paul E. Gelbard,

Sheldon E. Misher, Charles B. Salfeld, New York City, of counsel.

Mudge Rose Guthrie & Alexander, New York City, for defendants Denison Mines Limited, Stephen B. Roman and John Kostuik; William B. Lawless, P. J. Wilker, New York City, of counsel.

Fulton, Walter & Duncombe, New York City, for defendants James Bruce, Harmon Duncombe, John R. Dunning, Robert Frankel, V. V. Jacomini, D. C. Marshall, John F. A. Nisco, David S. Robertson, George Rowe, Jr., and J. Carlton Ward, Jr.; Joseph T. C. Hart, New York City, of counsel.

METZNER, District Judge:

Plaintiff has moved for an order pursuant to Rule 23, Fed.R.Civ.P., declaring that this suit may be maintained as a class action.

The underlying action was brought to redress violations of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 arising out of the issuance of an allegedly false and misleading Joint Information Circular-Proxy Statement (Proxy Statement). This Proxy Statement was disseminated by the defendants on December 27, 1972 in connection with the proposed "amalgamation" of Denison Mines, Ltd. (Old Denison) and Stanrock Uranium Mines, Ltd. (Stanrock) into a new Canadian corporation known as Denison Mines Limited (Denison).

The alleged deficiencies in this Proxy Statement were recently recounted by this court in its opinion on the parties' cross-motions for summary judgment, and bear no repeating here. See, Madonick v. Denison Mines Limited, CCH Sec.L.Rep. Transfer Binder '73–'74 Decisions, ¶ 94,550 at 95,907 (S.D.N.Y., May 1, 1974). It is sufficient, for purposes of this motion, to note that after the dissemination of the Proxy Statement, the amalgamation was approved, and the Stanrock shareholders exchanged their stock for the newly-issued shares of Denison.

Plaintiff seeks to represent "all persons who held shares of Stanrock capital stock on the date of the mailing of the Proxy Statement dated December 27, 1972, other than the individual defendants." There are potentially 15,000 members of the class, including those former Stanrock shareholders who, after becoming Denison shareholders, either retained or sold their shares in Denison.

Defendants contest the propriety of class action status in this suit in only one respect: they claim that there is a conflict between the interests of former Stanrock shareholders, like plaintiff, who have retained their shares in Denison, and those who have sold. Because of this dichotomy, defendants assert that it is impossible for plaintiff to fairly and adequately protect the interests of the class as required by Rule 23(a)(4). They urge that the class be defined to include only those former Stanrock shareholders who have retained their shares in Denison.

Defendants claim that the potential conflict arises from the fact that those shareholders who have retained their shares are not interested in obtaining money damages, since such damages would "seriously" affect Denison's financial condition. In contrast, those who sold their shares are interested only in getting the greatest possible monetary recovery from the corporation. I must say that defendants' concern that they may not be exposed to the greatest possible liability if plaintiff's motion is granted is indeed touching.

It is well settled that fair representation under Rule 23(a)(4) is questioned only when there are interests within the class which are genuinely antagonistic to each other. See, e. g., Phillips v. Klassen, 502 F.2d 362 (D.C. Cir. 1974); Guttmann v. Braemer, 51 F.R.D. 537, 539 (S.D.N.Y.1970); Herbst v. Able, 47 F.R.D. 11, 15 (S.D.N.Y. 1969); Mersay v. First Republic Corp. of America, 43 F.R.D. 465, 469 (S.D.N.Y.

1968). The courts have found genuine conflicts of interests in those cases where the named plaintiff is seeking a form of relief which is different from what the rest of the proposed class would want. (*See, e. g.,* Phillips v. Klassen, *supra*; Maynard, Merel & Co. v. Carcioppolo, 51 F.R.D. 273, 278 (S.D.N.Y.1970)); or when he has instituted both a derivative suit on behalf of the corporation and its existing shareholders and a class action against the corporation on behalf of former shareholders (*see, e. g.,* Ruggiero v. American Bioculture, Inc., 56 F.R.D. 93, 95 (S.D.N.Y.1972)); or when he holds a *substantial* equity interest in the defendant-corporation which may militate against his seeking the imposition of damages against the corporation (*see, e. g.,* Wood v. Rex-Noreco, Inc., 61 F.R.D. 669, 673–674 (S.D.N.Y.1973); Ruggiero v. American Bioculture, Inc., *supra* 56 F.R.D. at 95).

The instant case does not present any of these potential conflicts of interests. The remedy sought is the payment of monetary damages for the allegedly defrauded Stanrock shareholders. There is no showing that those who retained Denison stock have a substantial equity interest in the Corporation. In any event, the Second Circuit recently observed:

> "[W]e do not perceive any conflict of interest between those who have retained their ITT shares and those who have since sold them. The personal interest of those who still hold ITT stock in gaining more from the exchange than they did far outweighs their concern that any award could damage ITT." Herbst v. International Telephone and Telegraph Corp., 495 F.2d 1308, 1314 (2d Cir. 1974).

Finally, assuming that an antagonism will arise in the future in connection with these present and former Denison shareholders, Rule 23(c) provides for the creation of sub-classes in order to alleviate such tension. *See, e. g.,* Gutt-mann v. Braemer, *supra*; Herbst v. Able, *supra*.

In short, the defendants have failed to demonstrate, at this time, that there is not a close identity between the issues and interests of the plaintiff and the putative members of the class he seeks to represent, or that the plaintiff and his attorney will not vigorously prosecute the suit on behalf of *all* of the members of the class. Mersay v. First Republic Corp. of America, *supra* 43 F.R.D. at 469–470; Dolgow v. Anderson, 43 F.R.D. 472, 494 (E.D.N.Y.1968).

The motion for an order granting class action status is therefore granted as to the class defined in the complaint.

One more point remains for discussion concerning the notice to be given of this action to the members of the class. One would have thought that the Supreme Court's recent decision in Eisen v. Carlisle & Jacquelin, —— U.S. ——, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) would have finally laid to rest any further claim that the cost of notice to the class members in a proxy fraud suit should be borne by the defendant. Plaintiff argues that the relationship of the parties in this case is not "truly adversarial," and thus the action comes within an exception to the *Eisen* rule found in the following language of Mr. Justice Powell's majority opinion:

> "In the absence of any support under Rule 23, petitioner's effort to impose the cost of notice on respondents must fail. The usual rule is that a plaintiff must initially bear the cost of notice to the class. The exceptions cited by the District Court related to situations where a fiduciary duty pre-existed between the plaintiff and defendant, as in a shareholder derivative suit. Where, as here, the relationship between the parties is truly adversarial, the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit."
> —— U.S. at ——, 94 S.Ct. at 2153.

Plaintiff's argument is not persuasive. The relationship between the parties in a proxy fraud suit such as this is "truly adversarial." Plaintiff must accordingly bear the cost of such notice. *See, e. g.,* Sirota v. Econo-Car International, Inc., 61 F.R.D. 604, 608 (S.D.N.Y.1974).

Settle order.