# HARRY W. JONES v. RICHARD H. MAGOON and Another.[1]

November 29, 1912.

Nos. 17,756—(101).

**Fraud — evidence.**

In an action for fraud and deceit alleged to have been practised in an automobile exchange it is *held* that the evidence is sufficient to support the verdict, and that no reversible errors were committed on the trial of the action.

**Fraud — pleading.**

An allegation in the complaint that plaintiff relied upon and was induced by the representations to enter into the contract, is equivalent to an allegation that plaintiff "believed" the representations to be true, if such allegation be necessary in an action of this kind.

**Action for damages.**

An attempted rescission of the contract *held* not to bar an action for damages for the fraud.

Action in the district court for Hennepin county to recover $1,800 for fraudulent representations made in a sale of an electric automobile. The case was tried before Dickinson, J., who denied defendants' motions for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $339.25. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Wilson, Mercer, Swan, Ware & Stinchfield,* for appellants.

*S. B. Kay,* for respondent.

BROWN, J.

Action for fraud and deceit, in which plaintiff had a verdict and defendants appealed from an order denying their alternative motion for judgment or a new trial.

The short facts are as follows: Plaintiff purchased of defendants

[1] Reported in 138 N. W. 686.

an electric motor car at the agreed price of $1,600. In payment of the car plaintiff paid to defendants $100, and turned over to them an automobile for which he was to receive credit to the amount of $1,450; the balance, or $50, was to be paid at a later day. Plaintiff alleged in his complaint that to induce him to enter into the transaction defendants falsely and fraudulently represented: (1) That the electric car was of the 1910 model and make; (2) that it had been run not to exceed two hundred miles; (3) that it would run a distance of fifty miles on a single charge of its batteries; (4) that it was equipped with "exide" batteries; and (5) that it was worth and of the value of $1,600. Plaintiff further alleged that he relied upon the representations so made and was induced thereby to purchase the car; and further that the representations were false and untrue and known by defendants to be false and untrue when made. Plaintiff also alleged that the car had as a matter of fact been run about two thousand miles, that it would not run to exceed twenty miles on a single charge of its batteries, that it was not equipped with "exide" batteries, and was worthless and of no value whatever. Defendants by their answer put in issue the allegations of fraud and deceit, and interposed counterclaims for the balance due on the purchase price of the car, and for a small amount due for services rendered to plaintiff subsequent to the bargain and sale. The counterclaims were not disputed, and the aggregate amount thereof was allowed by the jury and deducted from plaintiff's recovery.

The trial below centered around the question whether defendants falsely represented the condition of the motor car in the respects heretofore stated, and, as submitted to the jury, the issues in this particular were confined to the extent the car had been used, whether it would run fifty miles on a single charge of its batteries, and whether it was equipped with "exide" batteries. The jury by their verdict found for plaintiff upon those questions. It is the contention of defendants that the verdict is not supported by the evidence, and further, even though sufficient to support a finding of false representations, that the evidence wholly fails to show any diminution in the value of the car in consequence or because of the fact that the representations were not true. Whether this contention be sound

presents the principal question on this appeal. Other points are made by defendants which will be referred to later, but the main claim is that the evidence fails to make a case for recovery of damages.

1. Our examination of the record discloses sufficient evidence to support the verdict. Defendants were dealers in automobiles and motor cars, and had been for some time prior to the transaction in question. The particular electric car had been in their possession for six months or more, and was used by them during that time for demonstration purposes. They were familiar with the car and necessarily knew at least to what extent it had been used by them and whether it would run a distance of fifty miles on a single charge of its batteries. They also knew whether the car was equipped with "exide" batteries. Though there was a conflict in the evidence upon the question whether defendants made the representations alleged, the record sustains the finding of the jury that they were made, and also that they were false and untrue.

There was also ample evidence that the car was in fact worth substantially less than the contract price, and the amount awarded to plaintiff was within the limits fixed by the witnesses. The principal question upon this branch of the case is whether the value of the car, as testified to by the plaintiff's witnesses, was shown to be affected by the fact that it had been run in the neighborhood of sixteen hundred miles, that it was not equipped with "exide" batteries, and would not run to exceed thirty miles on a single charge of its batteries. It is contended by defendants that the opinion of plaintiff's witnesses as to the value of the car was not shown to have been based upon the condition of the car in the respect stated, and, therefore, that the alleged false representations were not shown to be the cause of plaintiff's loss. The evidence upon this phase of the case is not entirely clear or satisfactory, but we deem it sufficient to support the verdict. Taking the testimony of witness Lunt as a whole, the jury were justified in concluding that his estimate of the value of the car was based, in part at least, upon the fact that it had been used for demonstrating purposes and had been run about sixteen hundred miles, and the further fact that it would not run to exceed

thirty miles on a single charge of its batteries. Such is the natural inference from his testimony taken as a whole. He was familiar with the car, had examined it to some extent, and knew the general market value of similar cars. In fixing his value he took into consideration the "whole mechanism of the car," the fact that it had been used for demonstrative purposes, and would not run to exceed thirty miles on one charge of its batteries. Though the usual question in cases of this kind, namely, what was the value of the car in its actual condition, having reference to the defects complained of, was not put to any of the witnesses, yet we conclude that the testimony, at least of this particular witness, was in the main founded upon that inquiry, and sufficiently supports the verdict.

2. On the trial of the action the court required plaintiff to elect whether to proceed on the theory that the contract had been rescinded for the alleged fraud, or for damages resulting from the fraud. Plaintiff elected to proceed on the theory of damages for the alleged fraud, and the trial was so conducted. It was brought out on cross-examination of plaintiff that before the commencement of the action he offered to return the car to defendants, and demanded the return of his automobile and the money paid at the time of the transaction. It is contended that this constituted a rescission of the contract, and that plaintiff cannot recover for the false representations; that his only remedy is an action for the return of the property he parted with. We do not sustain this claim. Defendants refused to accept a return of the car, or to surrender to plaintiff the automobile, or repay the $100 paid them when the trade was made. Plaintiff retained the car, and subsequently disposed of it. The evidence shows only an attempted rescission. Plaintiff's offer to rescind did not operate to deprive him of the remedy for damages, since the attempt did not become effective.

3. Several other questions raised by defendants may be disposed of without separate discussion. It is claimed that the complaint is fatally defective, since it contains no allegation that plaintiff "believed the misrepresentations" alleged to have been made by defendants. The objection is not well taken. While such allegation is often made in pleadings in actions of this kind, we think it unnecessary in

the case at bar; the equivalent is found in the allegations that plaintiff relied upon the representations and was induced thereby to enter into the contract. Again the question was not raised until the time of trial, and was properly overruled.

The court charged the jury that the measure of damages was the difference between the value of the car in its actual condition and the value thereof had it been as represented. This was technical error. The measure of damages was the difference between the actual value of the car and the contract price. Mountain v. Day, 91 Minn. 249, 97 N. W. 883. But the error of the court was not a matter of substance, was clearly an inadvertence and attention should have been called thereto by counsel. Mountain v. Day, supra.

There was no error in submitting to the jury the question whether the car was equipped with "exide" batteries. There was evidence tending to support the claim that it was not, and the court rightly left the issue to the jury.

This covers all that need be said. We have considered all the assignments of error and discover no grounds or reasons justifying a new trial of the action.

Order affirmed.