JOHN G. KOHANIK v. A. W. BECKMAN.[1]

January 30, 1942.

No. 32,927.

[1]Reported in 2 N. W. (2d) 125.

*Smith & Callahan, M. Arnold Lyons, Dwight M. Johnson, Joseph A. Kozlak,* and *George P. Mavrelis,* for appellant.

*S. A. Johnson* and *W. S. Johnson,* for respondent.

LORING, JUSTICE.

In an action to recover damages for deceit alleged to have been practiced upon plaintiff by misrepresentations inducing the sale to him of an automobile, the court directed a verdict for defendant at the close of plaintiff's case when defendant rested provisionally.

From the evidence in behalf of plaintiff the jury might have found that, in his dealings with defendant, plaintiff insisted on purchasing a car which had never been in a wreck; that defendant represented the car plaintiff subsequently bought as being in perfect condition and as never having been in an accident; and that it had been used by defendant as a demonstrator (defendant being a "subdealer"). Plaintiff turned in his old car at the agreed price of $175 and paid defendant $100 in cash at the time he accepted delivery of defendant's car. Later it developed that the car he purchased had been in an accident, considerably smashed up, and imperfectly repaired. The market value of the car was substantially impaired by the fact of its having been in an accident. When he discovered that the car had been in an accident, plaintiff demanded that defendant return his old car and his cash pay-

ment and take the purchased car back. Defendant refused. Plaintiff then paid the balance of the price, and this action followed.

1. It was plaintiff's payment after he discovered the fraud which led the trial court, relying on Defiel v. Rosenberg, 144 Minn. 166, 174 N. W. 838, to direct a verdict for defendant, on the theory that "he [plaintiff] thereby in effect makes a new contract," the court's evident purpose being to apply to the case at bar the rule applicable to contracts wholly or substantially executory. However, by turning in his car and making the cash payment, plaintiff here accomplished a substantial part performance (paying more than a third of the price), which took the case out of the rule of the Defiel case, where the part performance was "a mere trifle of the whole." The rule applicable here is that which applies to contracts where substantial part performance has occurred before discovery of the deceit. Under such circumstances, the performance of the contract does not ratify the fraud by which it was obtained. The right of action for damages for deceit exists as an independent cause. Dawson v. Thuet Brothers, 147 Minn. 429, 180 N. W. 534; Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737; Doyen v. Bauer, 211 Minn. 140, 148, 300 N. W. 451, 456.

2. The fact that plaintiff unsuccessfully sought rescission did not bar this action. Jones v. Magoon, 119 Minn. 434, 437, 138 N. W. 686.

3. In view of a new trial, it should be said that the complaint alleged that the car was represented to be in perfect condition, whereas it was in imperfect condition. Consequently, in our view, evidence that it consumed inordinate quantities of oil was evidence of bad condition.

4. The jury might well have found that the deduction of ten dollars on the final payment was made pursuant to the original agreement and hence did not amount to an adjustment of differences barring this action.

Order reversed.