William F. RADEMACHER, Plaintiff,

v.

Donald C. RUSS, Harry A. Steffen, Clinton W. Erickson, Northwest Seed Grain, Inc., a corporation, Farmers Grain Corp., a corporation, and Superior Corporation, a corporation, Defendants.

Civ. No. 5040.

United States District Court
D. Minnesota, Fourth Division.

April 27, 1955.

Morton J. Goustin, Minneapolis, Minn., for plaintiff in opposition to motion.

Hyman Edelman, Kaplan, Edelman and Kaplan, Minneapolis, Minn., for defendants in support of motion.

NORDBYE, Chief Judge.

Plaintiff alleges in the second cause of action that he is a stockholder in the corporate defendant Northwest Seed Grain, Inc. This action is in the nature of a shareholder's derivative suit, alleging that the individual defendants are in control of the corporation and have squandered and wasted its assets. Plaintiff's first cause of action, on the other hand, seeks to recover the price that plaintiff paid for his stock in Northwest and alleges that he was induced to purchase that stock by the fraudulent misrepresentations of the individual defendants as to the financial condition of the

corporation and that, upon discovery of the fraud, plaintiff immediately notified defendants that he rescinded his purchase. It also alleges that defendants refused to return the purchase price of the stock, which he contends was $35,000.

Defendants contend that plaintiff's first and second claims for relief are inconsistent and that plaintiff has irrevocably elected to pursue his remedy of rescission rather than his derivative rights as a shareholder in Northwest. It appears from copies of letters attached to defendants' motion that plaintiff did notify defendants that he had elected to rescind the purchase and that defendants replied with what purported to be an acceptance of the rescission. However, defendants tendered only $6,000, the amount they contend was the purchase price of the stock, rather than the $35,-000 demanded by plaintiff.

■ The fact that plaintiff has asserted inconsistent claims does not, of course, render his complaint defective as a matter of pleading. Federal Rules of Civil Procedure, 8(a) and 18(a), 28 U.S.C.A. However, Rules 8(a) and 18(a) are not decisive of the issue presented. For defendants' motion raises more than the question of permissive joinder of claims. They contend that the substantive doctrine of election of remedies absolutely bars plaintiff's second cause of action. Defendants' position, in other words, is that the second cause of action has been abandoned. If they are correct in that respect, it would follow that plaintiff would be barred from asserting his second cause of action even in a separate lawsuit.

■ Defendants rely entirely on the case of Albert Lea Foundry Co. v. Iowa Sav. Bank, 8 Cir., 1927, 21 F.2d 515. That case held, inter alia, that a defrauded party who had in a letter given notice of rescission had thereby abandoned his right to claim that the contract was valid and sue for damages based upon the fraud. That case, however, is not controlling. Although it arose in the United States District Court for the District of Minnesota, and cites a decision of the Minnesota Supreme Court as well as authorities from other jurisdictions, it does not purport to be an exposition of the law of the State of Minnesota. Since the Albert Lea case was decided before Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, it is not controlling on a matter which defendants themselves urge is a matter of substantive law.

■ Under the decisions of the Minnesota Supreme Court, it cannot be held that the rescission here attempted was so complete as to constitute an irrevocable election that plaintiff would not later choose to pursue his rights as a minority shareholder in the corporation. Under the law of this State, a rescission is not a unilateral thing which becomes complete and perfect upon the mere assertion by the defrauded party of a claim for that mode of redress. A rescission is made up of offer and acceptance, and so a plaintiff whose offer of rescission has not been accepted can still elect to stand upon the contract and sue for damages. Kohanik v. Beckman, 1942, 212 Minn. 11, 2 N.W.2d 125; Jones v. Magoon, 1912, 119 Minn. 434, 138 N.W. 686. In the instant case, defendants' reply offering plaintiff $6,000 in return for the stock which he held was not an acceptance of plaintiff's offer to rescind, for there was never any meeting of minds as to the essence of the rescission—the amount which plaintiff was to be reimbursed.

■ Moreover, the Minnesota court has made it clear that the doctrine of election is but an application of the principles of equitable estoppel and res judicata, and therefore if a plaintiff has not yet encountered a judgment upon his first claim which is effective to bar the second, then the defendant must show that he has changed his position or otherwise been prejudiced in reliance upon the plaintiff's initial choice. See First National Bank of Osakis v. Flynn, 1933, 190 Minn. 102, 250 N.W. 806, 92 A.L.R. 1272. Said the court in that case,

190 Minn. at page 107, 250 N.W. at page 808:

> "If the chosen procedure has been carried to a determinative end, that is ordinarily conclusive. [Citing cases.] But, where there are inconsistent remedies and but one right, and it is doubtful which remedy may ultimately bring relief, it has been said a party 'may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy. The assertion of one claim which turns out to be unsound, so long as it goes no further, is simply a mistake. It is not and does not purport to be a final choice, nor an election.'"

See also In re Le Borius's Estate, 1946, 222 Minn. 31, 23 N.W.2d 1, 166 A.L.R. 313; Kremer v. Lewis, 1917, 137 Minn. 368, 163 N.W. 732; International Realty & Securities Corp. v. Vanderpoel, 1914, 127 Minn. 89, 148 N.W. 895; Freeman v. Fehr, 1916, 132 Minn. 384, 157 N.W. 587. It is apparent that the defendants herein have in no way been prejudiced by the fact that prior to the commencement of this action, plaintiff offered to rescind the purchase as the best method of reconciling the dispute existing between him and the defendants. It cannot be held, therefore, that by making that unsuccessful offer plaintiff was forever precluded from invoking his rights as a stockholder in the Northwest Seed Corporation. Quite obviously, plaintiff cannot sue successfully on both theories, and if plaintiff's cause of action for rescission results in a judgment in his favor, whether for $6,000, $35,000, or any other sum, it will then be judicially determined that he is no longer an owner of stock in Northwest, and therefore his second cause of action will of necessity fail. On the other hand, plaintiff is not precluded at this time from withdrawing his claim for rescission and relying entirely upon the second cause of action if he so desires. Realistically, however, it would seem that the Court should recognize that, on the present showing, it would appear that the only issue to be tried is the amount which plaintiff is entitled to recover on his first cause of action and the claim for wages, services, and commission which is injected into the second cause of action. It would be burdensome for the defendants to prepare for trial on the cause of action involving the stockholder's derivative suit, which in all probability will not be tried.

It is ordered, therefore, that defendants' motion will be denied, but all proceedings in the second cause of action will be stayed until further order of the Court, except the issue therein which pertains to the claim of plaintiff for wages, services, and commission.

An exception is allowed.