**Ernest HEILBRUNN et al., Plaintiff,**

v.

**HANOVER EQUITIES CORPORATION et al., Defendants.**

**No. 65 Civ. 3282.**

United States District Court
S. D. New York.

June 21, 1966.

Herman Odell, New York City, for plaintiffs.

Stroock, Stroock & Lavan, New York City, for defendants Hanover Equities Corp., Adler, Wilpon, Cohen and Rozen.

Dreyer & Traub, Brooklyn, N. Y., for defendants Steven M. Jacobson, Marvin H. Kucker and Abraham Traub.

Pomerantz, Levy, Haudek & Block, New York City, for defendant Edward Gettinger.

Bodin & Gottlieb, New York City, for defendant Nat Berger Associates, Inc.

Squadron & Plesent, New York City, for defendant Eugene L. Colman.

Mound, Belfer & Greenburg, New York City, for defendant Jack P. Schleifer.

## MEMORANDUM

FRANKEL, District Judge.

The three counts of the second amended complaint, briefly summarized, undertake to allege the following claims:

(1) A spurious class action by the plaintiffs and others similarly situated, under the antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934, for damages allegedly incurred from the purchase of defendant corporation's stock in reliance upon false statements in a prospectus issued by defendants.

(2) A similar class claim for rescission of the stock purchases under § 12 (2) of the 1933 Act.

(3) A derivative action by three of the plaintiffs, under §§ 10(b) and 29 (b) of the 1934 Act and S.E.C. Rule 10b–5 thereunder, for alleged damages to the corporation caused by six of the individual defendants when they acquired large amounts of the corporate defendant's shares in exchange for interests in worthless property.

The individual defendants, with one exception, and the corporation have moved under Rule 12(b) (6), Fed.R.Civ.P., to dismiss the third count for failure to state a claim upon which relief can be granted. The several contentions in support of the motion, and the reasons for rejecting them, are as follows:

1. Acknowledging that a derivative action will lie under the 1934 Act where a corporation has been fraudulently induced to sell its shares for no or inadequate consideration, e. g., Hooper v. Mountain States Sec. Corp., 282 F.2d 195 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961); Ruckle v. Roto American Corp., 339 F.2d 24, 28–29 (2d Cir. 1964), defendants say the third count fails because it does not allege deception of the corporation. Indeed, defendants argue, since it incorporates allegations charging the corporation with fraud under the first two counts, the third affirmatively shows that "the corporation" could not itself have been deceived. In the end, however, the argument rests only upon the superficial, and permissible, inconsistencies (see point 2, infra) inherent in a suit that is in part against and in part "on behalf of" the corporation.

■ For purposes of their claim against the corporation as well as the individual defendants, plaintiffs are entitled to impute the alleged fraud of the directors to the corporation. At the same time it is clear that the corporation, as "seller" of stock and claimant in the third count, may be defrauded by all its directors, and is not barred from relief by the notion of imputed knowledge. Ruckle v. Roto American Corp., supra, at 28. It follows that the third count, viewed as a matter of substance, is adequate in this respect. To be sure, the formal result of the incorporation by reference is the self-contradiction on which defendants fasten. But this is not ground for adding to the extensive paper work already invested in the pleading stage of this action. The third count adequately alleges that the corporation was deceived. The whole subject of causation is, in any case, "to be resolved at trial, not here." J. I. Case Co. v. Borak, 377 U.S. 426, 431, 84 S.Ct. 1555, 1559, 12 L.Ed.2d 423 (1964).

■ 2. Defendants urge that there is a fatal inconsistency between plaintiffs' role as protectors and prosecutors of the corporation's interests in the derivative third count and their demands for recovery from the corporation in the first two.* It may be questioned at the outset whether an assertion like this is appro-

---

* It is also said that proof of Count III will inevitably establish Counts I and II, that this will ruin the corporation, and that the third count, therefore, cannot possibly be for the corporation's benefit. The speculative train does not necessarily go where defendants say. There is room in the complaint for imagining many things, including success for plaintiffs on Count III along with failure on I and II. If the holocaust defendants envision materializes, that will be time enough to determine where the burden of the liabilities should ultimately rest.

priate under Rule 12(b) (6). If the count in question, taken by itself, states "a claim upon which relief can be granted," this is literally enough to withstand the motion defendants have chosen to make.

Going beyond this relatively formal point, the claim of inconsistency and "conflict of interests" cannot avail defendants at this stage. Such inconsistency in pleading is by now familiarly allowable in the federal courts. See Rademacher v. Russ, 131 F.Supp. 50 (D. Minn.1955); 2 Moore, Federal Practice ¶ 8.32 (2d ed. 1965). A different question would be presented if defendants had acceded to the demand for rescission in Count II of the complaint, Rademacher v. Russ, supra, at 52–53, but defendants display no purpose to create that situation.

As to the role of plaintiffs as both "friend" and "enemy" to the corporation, this surface duality is in fact a routine matter in the courts. For more purposes than pleading, "antagonism" between the derivative plaintiff and those who really run (i. e., are) the corporation is a common phenomenon. Cf. Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). We need look no farther for illustration than this case, where the corporation and its able counsel pull the laboring oar on a motion to dismiss a claim purportedly for the corporation's benefit. In the last analysis, considering only the complaint, which is all we have, the action has a basic goal which entails no real inconsistencies—to air the nature and allegedly wrongful aspects of the exchange offer plaintiffs assail.

3. It is said, finally, that the complaint lacks allegations required by Rule 23(b), Fed.R.Civ.P.

First, defendants argue, there is no allegation that plaintiffs were shareholders "at the time of the transaction[s]" of which they complain. While there is some uncertainty regarding exact dates in the complaint, its gist is that plaintiffs acquired their shares "on or about" February 11, 1963, as a result of the very exchange offer around which the lawsuit revolves. According it the favorable construction to which it is entitled on such a motion, the complaint adequately indicates that plaintiffs became, and thus "were," shareholders "at the time of the transaction." At least this is not a case within the evil at which the Rule is aimed, where the stock was bought to speculate in litigation. See Gottesman v. General Motors Corp., 28 F.R.D. 325, 326 (S.D.N.Y.1961); 3 Moore, Federal Practice, 3493 (2d ed. 1964). As is true for other aspects of the case, the ruling now leaves open the possibility of different conclusions when the facts are in. The pleading says enough about the time of share ownership to avoid dismissal.

Similarly, the complaint adequately states, within the second portion of Rule 23(b), "the reasons for not making" efforts to have action taken by the directors or shareholders. It is alleged that one hostile director controls the board and that the individual defendants among them own a preponderant majority of the shares. The obvious conclusion is also stated—that a demand upon the directors to bring the suit "would be futile." This is enough. See, e. g., Gottesman v. General Motors Corporation, 268 F.2d 194, 197–198 (2d Cir. 1959); Cathedral Estates v. Taft Realty Corporation, 228 F.2d 85, 88 (2d Cir. 1955).

The motion to dismiss is denied.

It is so ordered.