473 F.2d 1008
 Irwin LEVINE et al., Plaintiffs,
v.
AMERICAN EXPORT INDUSTRIES, INC., et al., Defendants.
Martin ZUCKERMAN et al., Plaintiffs,
v.
AMERICAN EXPORT INDUSTRIES, INC., et al., Defendants.
Frederick H. BROOKS et al., Plaintiffs,
v.
Ralph R. WEISER et al., Defendants.
Harry LEWIS, Plaintiff,
v.
John M. WILL et al., Defendants.
Irwin LEVINE et al., Plaintiffs-Appellants,
v.
Martin ZUCKERMAN and Philip Zuckerman, Plaintiffs-Appellees.
 Nos. 254-257, Dockets 72-1822 to 72-1825.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 2, 1973.
Decided Feb. 7, 1973.
 
 Berthold H. Hoeniger, New York City (Carrow, Bernson, Hoeniger, Freitag & Abbey, Arthur N. Abbey, New York City, of counsel), for plaintiffs-appellants.
 Stephen Lowey, New York City (Lipper, Keeley, Lowey & Dannenberg, Richard B. Dannenberg, Landis, Tucker & Gellman, P. C., New York City, of counsel), for plaintiffs-appellees.
 Before HAYS and MANSFIELD, Circuit Judges, and HOLDEN, Chief Judge.*
 PER CURIAM.
 
 
 1
 Appellants, who are stockholder-plaintiffs in a purported class action against American Export Industries, Inc. ("AEI"), its officers and directors (Levine, et al. v. American Export Industries, Inc., et al., Dkt. No. 72-1822) seek to appeal from an interlocutory order of the United States District Court for the Southern District of New York, Constance Baker Motley, Judge. The order consolidated for pretrial purposes plaintiffs' primary action with three derivative suits, all alleging breach of fiduciary duty or violation of anti-fraud provisions of the federal securities laws arising out of substantially the same facts.[1] The order also appointed as general counsel for such purposes an attorney who is of counsel in one of the derivative suits and it stays the filing of similar actions.
 
 
 2
 Absent exceptional circumstances this court lacks jurisdiction to entertain such an interlocutory appeal, see Weight Watchers of Philadelphia v. Weight Watchers Intl., 455 F.2d 770 (2d Cir. 1972); Western Geophysical Company of America v. Bolt Associates, Inc., 440 F.2d 765 (2d Cir. 1971); West v. Zurhost, 425 F.2d 919 (2d Cir. 1970); Donlon Industries, Inc. v. Forte, 402 F. 2d 935 (2d Cir. 1968); Miller v. Pleasure, 425 F.2d 1205 (2d Cir.), cert. denied, 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970). No such circumstances are shown to exist. Judge Motley has denied an application pursuant to 28 U.S.C. Sec. 1292(b) for a certificate to the effect that the interlocutory order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. Unlike the order in Mac-Allister v. Guterma, 263 F.2d 65 (2d Cir. 1958), no basic issues are raised of the type contemplated by Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Nor does the order spell the "death knell" of the actions. Caceres v. International Air Transport Association, 422 F.2d 141 (2d Cir. 1970); City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295 (2d Cir. 1970). Appellees' motion to dismiss the appeal is therefore granted.
 
 
 3
 The principal ground raised by appellants is that in view of the possible conflict of interest between the derivative plaintiffs, who sued on behalf of AEI, and the class action plaintiffs, who seek damages from AEI, the district court should have appointed separate general counsel for the two types of actions rather than one general counsel for all. Appellants argue that because of the conflict one general counsel will be unable fully and fairly to prosecute both the class and derivative claims or to negotiate a settlement which might depend upon an allocation of payment as between AEI and the individual defendants.
 
 
 4
 In the event that a conflict of interest looms upon the horizon, the appointment of separate counsel for each group (class and derivative plaintiffs) may well be advisable. See, e. g., Lewis v. Shaffer Stores Company, 218 F.Supp. 238 (S.D. N.Y.1963); Ruggiero v. American Bioculture, Inc., 56 F.R.D. 93 (S.D.N.Y. 1972). Judge Ryan, to whom the consolidated cases have been assigned for all purposes, has had extensive experience in such matters. We are confident that he will take whatever action is required.
 
 
 5
 The appeal is dismissed.
 
 
 
 *
 Of the United States District Court for the District of Vermont, sitting by designation
 
 
 [1]
 In addition, two stockholders' derivative suits based on the same facts were instituted in the Supreme Court, New York County, and have been consolidated in that court