See also, D.C., 376 F.Supp. 468.

Alfred MILLER, on behalf of himself and all others similarly situated, and derivatively on behalf of Fisco, Inc., Plaintiff,

v.

FISCO, INC., et al., Defendants.

Civ. A. No. 74-96.

United States District Court, E. D. Pennsylvania.

May 6, 1974.

Stuart H. Savett, Philadelphia, Pa., for plaintiff.

Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa., for defendants Fisco, Inc. and Gateway Ins. Co.

Alan J. Davis, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendant Haskins and Sells.

## MEMORANDUM OPINION AND ORDER

### VanARTSDALEN, District Judge.

Plaintiff has sued corporate and individual defendants on a primary and derivative basis in this federal securities violations case.[1]  Defendants have filed a motion to dismiss the derivative suit, claiming that a conflict of interest prevents plaintiff from pursuing both causes of action.  Defendants contend that it is irreconcilable for plaintiff to attempt to recover damages from the corporation by suing it directly while at the same time attempt to recover damages for the corporation by suing derivatively on its behalf.  I do not agree.

Cases relied upon by defendants examined the conflicts issue from the perspective of class action certification. Those cases are inapposite to the instant action where class determination has yet to be considered.

In Ruggiero v. American Bioculture, Inc., 56 F.R.D. 93 (S.D.N.Y.1972), the court disqualified certain plaintiffs as class representatives who sought to attack the corporation on behalf of the non-equity interests and at the same time represent the corporate equity interests in a derivative suit.  The court noted that the conflict was worsened by plaintiffs' large equity holding in the corporation and a possible violation by plaintiffs' attorneys of the Canons of Ethics. However, the basic conflict was representational; to qualify as class representatives, plaintiffs and their attorneys

had to demonstrate their ability to assert the rights of other class members with the utmost vigor and forthrightness.  In this context, the court found that the equity and nonequity interests were in conflict and that plaintiffs could not fulfill their representative obligations to both groups.

In Hawk Industries Inc. v. Bausch & Lomb, Inc., 59 F.R.D. 619 (S.D.N.Y. 1973), the question again arose as to the adequate representation of plaintiffs' counsel and their ability to vigorously pursue both the primary and derivative actions.  The court held that plaintiffs' counsel could not properly represent the interests of a class suing the corporation while also acting as counsel in a derivative suit in state court.  In finding a conflict, the court emphasized that plaintiffs' counsel "cannot furnish adequate representation to the *plaintiff class* here." (Emphasis added). *Id.* at 624.  In the final case relied upon by defendants, Quirke v. St. Louis-San Francisco Ry., 277 F.2d 705 (8th Cir.), cert. denied, 363 U.S. 845, 80 S.Ct. 1615, 4 L. Ed.2d 1728 (1960), the derivative suit was indeed dismissed because of a conflict of interests.  However, an actual conflict was found on the part of plaintiff who brought a derivative class action suit on behalf of a railroad which had acquired stock of the railroad in which plaintiff was a shareholder.  The record indicated that plaintiff perceived the acquisition as detrimental for his company but beneficial for the acquiring company.  Under these conditions, and the fact that no other stockholders joined in the action, the court held that plaintiff was unfit to represent a class suing derivatively on behalf of the acquiring company.

■■ I fail to see how the conflicts in the above cases are applicable to the instant action.  Defendants move to dismiss on the basis of a complaint combin-

---

1. A more complete explanation of the case appears in the Memorandum Opinion and Order dated May 2, 1974 at —— F.Supp. ——.

ing a primary and derivative suit. The above cases do not hold, nor do I find, that a conflict exists on the mere basis of simultaneously suing a corporation and bringing a derivative action on its behalf.

Plaintiff seeks to represent all shareholders of Fisco except the individual defendants. Theoretically, a recovery for the corporation and a recovery for the shareholders would amount to a recovery for the same parties and no conflict should exist. Plaintiff also seeks to represent past shareholders of Fisco, thereby potentially presenting the conflict between the equity and nonequity interests present in Ruggiero v. American Bioculture, Inc., *supra*. However, a finding of a conflict, while possibly appropriate on a class action determination, is premature at this juncture. The preceding cases highlight the additional considerations mandated by a class action certification, particularly the stiff adequate representation prerequisite of Fed.R.Civ.P. 23(a)(4). Richardson v. Hamilton International Corp., 62 F.R.D. 413 (E.D.Pa., March 8, 1974). These considerations are not present here. See Levine v. American Export Industries, Inc., 473 F.2d 1008 (2d Cir. 1973). Judge Frankel, in Heilbrunn v. Hanover Equities Corp., 259 F.Supp. 936 (S.D.N.Y.1966), aptly summarized the present situation:

> Going beyond this relatively formal point, the claim of inconsistency and "conflict of interests" cannot avail defendants at this stage. Such inconsistency in pleading is by now familiarly allowable in the federal courts. See Rademacher v. Russ, 131 F.Supp.

50 (D.Minn.1955); 2 Moore, Federal Practice ¶ 8.32 (2d ed. 1965). . . .

As to the role of plaintiffs as both "friend" and "enemy" to the corporation, this surface durality is in fact a routine matter in the courts. For more purposes than pleading, "antagonism" between the derivative plaintiff and those who really run (i. e., are) the corporation is a common phenomenon. Cf. Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). We need look no farther for illustration than this case, where the corporation and its able counsel pull the laboring oar on a motion to dismiss a claim purportedly for the corporation's benefit. In the last analysis, considering only the complaint, which is all we have, the action has a basic goal which entails no real inconsistencies—to air the nature and allegedly wrongful aspects of the exchange offer plaintiffs assail.

Defendants' motion to dismiss will be denied.

A motion for permissive intervention and supporting memorandum has been filed by Harry Rosenthal, a plaintiff in a state court action instituted against an insured of Gateway. Rosenthal moves to intervene in favor of a class of persons having claims against any insureds of Fisco or its subsidiaries. He seeks intervention only in connection with the motion for appointment of a receiver.

Although Rosenthal's incorporation of various paragraphs accompany the motion to intervene,[2] permissive intervention must be denied for noncompliance with Fed.R.Civ.P. 24(b).[3]

---

2. Dalva v. Bailey, 158 F.Supp. 204 (S.D.N.Y.1957).

3. Fed.R.Civ.P. 24(b) provides:
   (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main

action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene

■ I seriously doubt that there is a common question of fact or law between Rosenthal's claim and plaintiff Miller's main action alleging violations of federal securities laws. Additionally, as merely claimants against Fisco and only possible creditors, jurisdictional and standing problems are present. In any event, the intervention must be denied in that it will unduly delay the disposition of the main action. Peterson v. United States, 41 F.R.D. 131 (D.Minn. 1966).

See also, D.C. 49 F.R.D. 286.

in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.