Jay **HANDWERGER**,
**Plaintiff-Appellee**,

v.

Charles **GINSBERG**, Jr., et al., **Defendants**,

Arthur **Andersen & Co.**,
**Defendant-Appellant.**

**No. 929, Docket 75–7095.**

United States Court of Appeals,
Second Circuit.

Argued June 5, 1975.

Decided July 16, 1975.

Edward J. Ross, New York City (Breed, Abbott & Morgan, James D. Zirin, New York City, Wilson & McIlvaine, Charles W. Boand, Chicago, Ill., on the brief), for defendant-appellant.

Melvyn I. Weiss, New York City (Milberg & Weiss, David J. Bershad, Jared Specthrie, New York City, and Sharon Levine Mirsky, Flushing, N. Y., on the brief), for plaintiff-appellee.

Before SMITH, ANDERSON and OAKES, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

Jay Handwerger, appellee, who had purchased $5,000 principal amount of convertible debentures of Sanitas Service Corporation (Sanitas) in January, 1973, brought suit in the United States District Court for the Southern District of New York, as representative of the class of individuals, estimated to number 4,200, who had purchased debentures or common stock of Sanitas between September 21, 1972 and April 13, 1973, the period during which the defendants in this Rule 23(b)(3) class action allegedly had issued false and misleading financial statements, and thereby had artificially inflated the market price of Sanitas Securities, in violation of § 10(b) of the Securities Exchange Act of 1934, S.E.C. Rule 10b–5, and "common law principles." Arthur Andersen & Co. (Arthur Andersen), Sanitas' auditor during the period relevant herein, and a defendant

in this action, appeals pursuant to 28 U.S.C. § 1291 from the district court's order permitting this suit to proceed as a class action, and argues, *inter alia*,[1] that the class is inappropriately large because the stockholder and debenture-holding members have potentially conflicting interests.[2]

Appellee has filed a motion to dismiss the appeal on the ground that the district court's order is interlocutory and non-appealable.

An order permitting a suit to proceed as a class action is an interlocutory order, over which this court has jurisdiction under 28 U.S.C. § 1291 only under "exceptional circumstances," which are deemed to exist if they satisfy the following test, no one of the three parts of which is alone sufficient for appealability: (1) the class action designation is "fundamental to the further conduct of the case;" (2) review of the order is "separable from the merits;" and (3) the order will likely cause "irreparable harm to the defendant in terms of [additional] time and money spent in defending [the suit as] a huge class action," rather than as a private action. *General Motors Corporation v. City of New York*, 501 F.2d 639, 644 (2 Cir. 1974); *Kohn v. Royall, Koegel & Wells*, 496 F.2d 1094, 1098 (2 Cir. 1974). See, *Parkinson v. April Industries, Inc.*, 520 F.2d 650, at 656 (2 Cir. 1975).

The class action determination is "fundamental to the further conduct of the case" when the individual damage claim of the class representative is relatively insubstantial, so that the suit probably would not be continued as a private action. The size of appellee's potential recovery is difficult to estimate on the present record; but we are satisfied that the second and third requirements of the test of appealability are not satisfied in this case, and that we, therefore, do not have jurisdiction at this time to review the district court's order.

Appellee concedes that he had received, as the owner of common stock of Sanitas which had been purchased prior to the class period, a proxy statement which fully and accurately described one of the several financial transactions which the defendants later allegedly fraudulently misrepresented. Arthur Andersen contends that the alleged misrepresentation regarding this one particular transaction constitutes "the only substantial claim in this case," and that the defendants will, therefore, be entitled to summary judgment against appellee. If this contention is correct, of course, it would seriously affect appellee's ability adequately to protect the interests of the class, as required by F.R. Civ.P. 23(a)(4); but, to make a determination on that critical issue, we would have to decide whether appellee is barred as a matter of law from recovering on his substantive claim. Review of the district court's order granting class action status would, therefore, involve this court in a detailed examination of the merits of the action.

Nor is the third requirement of the appealability test satisfied. The number of documents relevant to the trial of this action is not affected by the class action designation. Appellee, moreover, is now required to pay the full cost of notice. The requirement of proving

1. Appellant also argues that the Supreme Court lacked the authority to promulgate Rule 23, as amended in 1966, because such rule is not limited to "practice and procedure," but abridges and modifies a "substantive right," contrary to the interdiction of the Rules Enabling Act, and because the rule extends the jurisdiction of the district court in violation of F.R.Civ.P. 82; that the requirements of Rule 23, under which all members who do not exclude themselves will be bound to the judgment, are so vague as to violate due process; and that this court should in any event dismiss the suit because it is clearly and unequivocally devoid of substantive merit.

2. Appellant maintains that the "primary interest" of debenture holders is to maximize their recovery in this action, and that this conflicts with the "primary interest" of stockholders in avoiding a reorganization proceeding, which, according to appellant, could be brought about by vigorous prosecution of the present suit.

individual reliance has been eliminated, at least as to claims of fraudulent omissions brought under § 10(b) and Rule 10b–5. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 150–54, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). And the estimated size of the class is not so massive that any incremental time and money, which otherwise may be required to defend this suit as a class action, will likely be so significant as to constitute "irreparable harm." *Cf., Herbst v. International Telephone and Telegraph Corp.*, 495 F.2d 1308 (2 Cir. 1974); *Eisen v. Carlisle & Jacquelin*, 479 F.2d 1005 (2 Cir. 1973), *vac.* 417 U.S. 156, 91 S.Ct. 2140, 40 L.Ed.2d 732.

■ Appellant also contends that, because of the potential conflict of interest among members of the class, the ABA Code of Professional Responsibility requires that appellee's counsel be disqualified from representing it.[3] An order denying disqualification of counsel, although interlocutory, is appealable under 28 U.S.C. § 1291, if "it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800, 805–06 (2 Cir. *en banc*, 1974), quoting from *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

■ Before an action may properly proceed as a class action, the district court must determine that the class, as defined, does not contain members with significantly conflicting interests. The district court's responsibility to guard against conflicts of interest, moreover, does not cease with the initial grant of class action designation, but continues throughout the proceeding. An order denying disqualification of counsel in a class action is not collateral to the main proceeding, and is not the final disposition of a claimed right, if the purported conflict of interest for which disqualification is sought is also directly relevant to the issue of the propriety, under F.R. Civ.P. 23, of the definition of the class. Because the appeal from the district court's failure to disqualify counsel in this case raises an issue identical to that raised in connection with the propriety under Rule 23 of the definition of the class, it does not qualify under the relevant exception to the otherwise general rule, that the jurisdiction of this court under 28 U.S.C. § 1291 is limited to appeals from "final decisions."

The appeal is dismissed.

---

**3.** The ABA Code of Professional Responsibility provides that "[a] lawyer should never represent in litigation multiple clients with differing interests." EC 5–15.