566 F.2d 846
 Lorraine C. CULLEN, John L. Jund, Manny Trotner, on behalf
of themselves and all others similarly situated,
and Civil Service Merit Council of Long
Island, Plaintiffs-Appellants,
v.
NEW YORK STATE CIVIL SERVICE COMMISSION, Victor Bahou,
President, Nassau County Civil Service Commission, Adele
Leonard, Commissioner, the County of Nassau, Ralph G. Caso,
County Executive of the County of Nassau, Town of Hempstead
Civil Service Commission, Sidney Rosenthal, Commissioner,
Town of Hempstead, Francis T. Purcell, Presiding Supervisor,
Nassau County Republican Committee, Joseph F. Margiotta,
County Leader, Defendants-Respondents.
 No. 309, Docket 77-7408.
 United States Court of Appeals,
Second Circuit.
 Submitted Nov. 7, 1977.
Decided Nov. 18, 1977.
 
 Jessel Rothman, Mineola, N. Y., filed a brief for plaintiffs-appellants.
 W. Kenneth Chave, Jr., Town Atty., Town of Hempstead, N. Y., filed an appearance for defendants-respondents Town of Hempstead and Town of Hempstead Civil Service Commission.
 Curtis, Hart & Zaklukiewicz, Merrick, N. Y., filed an appearance for defendants-respondents Nassau County Republican Committee and Joseph J. Margiotta.
 William Gitelman, County Atty. of Nassau County, Mineola, N. Y., filed an appearance for defendants-respondents Nassau County Civil Service Commission, County of Nassau, and Ralph Caso.
 Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.
 KAUFMAN, Chief Judge:
 
 
 1
 Appellants, named plaintiffs in a certified class action, ask this court to find reversible error in a decision of Chief Judge Mishler because he failed to appoint appellants' chosen counsel, Jessel Rothman, as attorney for the absent members of the class. Although the parties have not raised the issue, we must first decide whether the order is appealable. We hold that it is not, and dismiss the appeal.
 
 
 2
 Appellants, representing 22,000 present and former employees of Nassau County, New York, allege in the underlying action that class members have been compelled to contribute to the Nassau County Republican Committee to obtain jobs and promotions, in violation of their federal civil rights. In a memorandum decision dated June 27, 1977, Chief Judge Mishler granted appellants' motion for class action certification, subject to the court's designation of an attorney to represent the absent class members. While finding the named plaintiffs themselves met the prerequisites for service as class representatives, Chief Judge Mishler expressed concern whether appellants' attorney a competent single practitioner apparently lacking experience in the field of civil rights litigation could adequately serve the interests of the absent class members. See Fed.R.Civ.P. 23(a)(4).
 
 
 3
 At a hearing on July 15, 1977, appellants' attorney failed to demonstrate to Judge Mishler's satisfaction that he had any civil rights litigation experience or that he possessed the legal and manpower resources to prosecute this substantial action effectively without additional experienced counsel. Thereupon the Judge appointed Professor Burt Neuborne to represent the absent members of the class. Professor Neuborne is exceptionally well-qualified in civil rights litigation and has access to student law clinics and the American Civil Liberties Union resources to assist him in conducting this litigation. In a memorandum decision dated July 29, 1977, Judge Mishler concluded: "There is no question, that, in conjunction with the named plaintiffs' attorney, (Professor Neuborne) will ably and effectively represent the interests of the class."The appeal has not been certified under 28 U.S.C. § 1292(b) or Fed.R.Civ.P. 54(b). Accordingly, it must be dismissed unless the order falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949).
 
 
 4
 We have on several occasions held that the Cohen doctrine must be kept within narrow bounds. See, e. g., Shakur v. Malcolm, 525 F.2d 1144 (2d Cir. 1975); Kohn v. Royall Koegel & Wells, 496 F.2d 1094 (2d Cir. 1974); Weight Watchers of Philadelphia v. Weight Watchers International, 455 F.2d 770 (2d Cir. 1972). To satisfy the Cohen requirements, a litigant must show that the issue presented is "of broad applicability or involves the deprivation of significant rights." Shakur v. Malcolm, supra, 525 F.2d at 1147, and that "the danger of denying justice by delay" outweighs the "inconvenience and costs of piecemeal review." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 171, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974), quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 66, 94 L.Ed. 299 (1949). The mere inability to secure a review of an interlocutory order on appeal from the final judgment does not warrant permitting immediate review of the order. Indeed, we have recognized that some orders merely regulating the manner of conducting the litigation are best left to the unreviewable discretion of the district court. Levine v. American Export Industries, Inc., 473 F.2d 1008 (2d Cir. 1973) (per curiam); Weight Watchers of Philadelphia v. Weight Watchers International, supra, 455 F.2d at 774.
 
 
 5
 A decision to deny class action certification is normally not appealable unless the failure to certify would spell the "death knell" of the entire action. Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2d Cir. 1966), cert. denied, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967). And an order granting class certification is not appealable unless it is so "fundamental to the further conduct of the case" that "if that order were erroneous and therefore reversed on appeal, the action would for all practical purposes be at an end." Kohn v. Royall Koegel & Wells, supra, 496 F.2d at 1098-99. Moreover we can exercise jurisdiction over such an order only when review of the order is "separable from the merits" and the lower court's determination "will likely cause irreparable harm." Handwerger v. Ginsberg,519 F.2d 1339 (2d Cir. 1975); Kohn v. Royall Koegel & Wells, supra.[1] Less drastic issues subsidiary to the class certification determination certainly should not be reviewable prior to judgment unless an equally stringent standard is met. Weight Watchers of Philadelphia v. Weight Watchers International, supra, 455 F.2d at 773. Thus, we held in Handwerger v. Ginsberg, supra, that an order denying a request to disqualify class counsel was not collateral to the main proceeding, and therefore not appealable. In that case, the basis of the request, a purported conflict among class members, was directly relevant to the issue of the propriety of the definition of the class.
 
 
 6
 Similarly, in the instant case, the court's review of the adequacy of counsel, far from being a collateral issue, is central to a finding of adequacy of representation, a necessary condition to class certification. In Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968), we said "an essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation." 391 F.2d at 562. Since absent class members are conclusively bound by the result of an action prosecuted by a party alleged to represent their interests, the court's selection of counsel for the absent class should be guided by the best interests of those members, not the entrepreneurial initiative of the named plaintiffs' counsel. In making a class certification decision, a district court must frequently select as lead counsel for the class the attorney who will best serve the interests of its members. And the court may also find it necessary to appoint additional counsel to protect the interests of subclasses. See 7 Wright & Miller, Federal Practice and Procedure, Civil § 1765 at 617-623 (1972); 1 Moore's Federal Practice, Part 2, § 1.44 at 50-51 (2d ed. 1977); Amos v. Board of Directors of City of Milwaukee, 408 F.Supp. 765 (E.D.Wis.), aff'd, 539 F.2d 625 (7th Cir. 1976). Unless there are exceptional circumstances, not present here, the exercise of discretion should be left untouched by the appellate court. To hold otherwise would open a Pandora's box of appeals whenever a district court, seeking to preserve the interests of the class and to promote the efficient management and alacritous movement of class litigation, selects the counsel best able to represent the class members. Cf. Weight Watchers of Philadelphia v. Weight Watchers International, supra, 455 F.2d at 773.
 
 
 7
 Certainly the failure to appoint appellants' counsel to represent the absent members in addition to the named members of the class, has not doomed the underlying action. In fact, the appointment of Professor Neuborne appears to have substantially strengthened the entire class representation. Nor does this case fall within the rationale of the line of decisions permitting direct appeal from a district court's determination of a motion to disqualify counsel. See Silver Chrysler Plymouth Inc. v. Chrysler Motors Corp., 496 F.2d 800 (2d Cir. 1974) (en banc ). While an order granting disqualification "seriously disrupts the progress of litigation and decisively sullies the reputation of the affected attorney," Fleischer v. Phillips, 264 F.2d 515, 517 (2d Cir.), cert. denied, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959), there is no showing in the instant case that the flow of litigation has been impeded by the Neuborne appointment or that the integrity or competency of appellants' counsel has been impugned. Moreover, appellants have not been deprived of their chosen counsel, for he still remains in the case. They have simply been prevented from imposing their choice on the absent class members. Accordingly, the appeal is dismissed.
 
 
 
 [1]
 Several circuits, rejecting the "death knell" exception to the finality doctrine, do not permit appellate review of an interlocutory decision on a class certification motion under any circumstances. (See, e. g., Katz v. Carte Blanche Corp., 496 F.2d 747, 752 (3d Cir.), cert. denied, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); King v. Kansas City Southern Industries, Inc., 479 F.2d 1259 (7th Cir. 1973)). Apparently because of this conflict, the Supreme Court has recently granted review of the "death knell" doctrine. Livesay v. Punta Gorda Isles, Inc., 550 F.2d 1106 (8th Cir. 1977), cert. granted sub nom. Coopers & Lybrand v. Livesay, 46 U.S.L.W. 3322 (U.S. Nov. 14, 1977) (Nos. 77-1836, -1837)