Leo M. SHORE, Plaintiff-Appellee,

v.

PARKLANE HOSIERY COMPANY, INC., Herbert N. Somekh, Defendants-Appellees,

v.

Angelo C. PAPPALARDO et al., Intervening Stockholders-Appellants.

No. 895, Docket 79–7001.

United States Court of Appeals, Second Circuit.

Argued April 4, 1979.

Decided Sept. 12, 1979.

Arthur M. Wisehart, New York City (Wisehart, Friou & Koch, New York City, Frederick J. Cuccia, New York City, on brief), for intervening stockholders-appellants.

Jack B. Levitt, New York City (Goldman, Cooperman & Levitt, New York City, on brief), for defendants-appellees.

Samuel K. Rosen, New York City (Kass, Goodkind, Wechsler & Labaton, New York City, on brief), for plaintiff-appellee.

Before MULLIGAN, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This appeal adds another chapter to the already lengthy litigation of *Shore v. Parklane Hosiery Co.* In the last chapter, the Supreme Court affirmed our determination that principles of collateral estoppel barred defendants from relitigating in this private action the question whether certain proxy solicitations were fraudulent and misleading,[1] a question that had been answered affirmatively in an earlier enforcement action instituted by the Securities Exchange Commission.[2] While the Supreme Court was considering that question, the parties entered into a settlement agreement, of which they seek judicial approval. Certain class members, contending that the settlement is inadequate, have now moved to intervene and stay the approval proceedings pending resolution of state court stock appraisal litigation or, in the alternative, to hold a preliminary hearing regarding the adequacy of the named plaintiff's representation during the settlement negotiations. The district judge denied these motions except that he granted limited intervention permitting intervenors to participate in the settlement approval hearings. The intervenors have appealed.

In 1974 Parklane Hosiery Co., Inc., issued a proxy statement in connection with its planned going-private "freezeout" merger.[3] The statement contained an offer to purchase shares from the frozen-out shareholders at $2 per share. Ninety percent of the shareholders accepted the offer; the other ten percent dissented and began an appraisal proceeding in the New York courts pursuant to section 623 of the New York Business Corporation Law to determine the fair market value of the stock, which they estimate at over $10 per share. The appraisal proceeding, begun in 1975, has not yet been concluded.

Shortly after the merger was authorized, Leo Shore filed the instant securities action, alleging violations of the proxy solicitation laws by Parklane and its directors. The district judge granted class certification, and the required notice issued to all class members, including those involved in the appraisal proceeding (the appraisal group). After the SEC successfully prosecuted a parallel enforcement action against these defendants, Shore moved for, but was denied, summary judgment on the ground of collateral estoppel. We reversed, and the Supreme Court granted certiorari.

The parties then entered into the settlement agreement, which provides that Park-

1. 565 F.2d 815 (2d Cir. 1977), *aff'd*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

2. *SEC v. Parklane Hosiery Co.*, 422 F.Supp. 477 (S.D.N.Y.1976), *aff'd*, 558 F.2d 1083 (2d Cir. 1977).

3. A more complete account of the facts can be obtained from prior opinions. *See* notes 1 & 2, *supra*.

lane will create a $205,000 fund from which $65,000 will be paid to Shore's attorneys and the remainder distributed to the shareholders. The settlement agreement also provides that members of the appraisal group may opt out of the class prior to judicial approval of the settlement without prejudice to the continued pursuit of their individual claims.

When the parties appeared before the district judge to work out the procedure for approving the settlement, the appraisal group sought to intervene as of right under Rule 24(a)(2), and as a matter of discretion under Rule 23(d)(2), for the purpose of moving for a stay pending resolution of the appraisal proceeding. Alternatively, they requested a hearing on the adequacy of Shore's representation. They alleged that Shore's attorney had inadequate knowledge of the stock's actual fair market value, that Shore himself was in league with defendant Somekh, and that the settlement negotiations were conducted secretly in order to avoid any confrontation with the appraisal group. Appellees disputed the truth of these allegations, contending that Shore and Somekh barely knew each other, that the appraisal group's estimate of the stock's fair market value was nothing more than wishful thinking, and that, in any event, the appraisal group had no right to complain because its members were adequately protected by the opt-out provision of the settlement agreement.

On November 21, 1978, the district judge denied the motion for full intervention but granted appellants limited intervention for the purpose of participating in the settlement approval hearings. The district judge also denied the alternative motion for a preliminary hearing but required that the proposed settlement notice be amended to state in more explicit detail the relief demanded in the complaint. The appraisal group filed this appeal on December 20, 1978.

On January 9, 1979, the Supreme Court affirmed our determination that defendants' liability was established conclusively by the collateral estoppel effect of the earlier SEC action. On February 20, 1979, the district judge tentatively approved the settlement notice, which had been modified in accordance with the November 21 order, and stayed further proceedings pending this appeal.

In considering appellants' contentions, we are met at the outset with the question whether the order appealed from should be treated as the grant or the denial of intervention. *See Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974). A denial of leave to intervene of right is appealable as a final order. *New York Public Interest Research Group, Inc. v. Regents of the University*, 516 F.2d 350, 351 n. 1 (2d Cir. 1975). An order granting intervention is not. *Ionian Shipping Co. v. British Law Insurance Co.*, 426 F.2d 186, 188 (2d Cir. 1970). The reason for this distinction is that the unsuccessful applicant for intervention cannot appeal from any subsequent order or judgment in the litigation, *Brotherhood of Railroad Trainmen v. Baltimore & O. R. R.*, 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947), and so far as he is concerned, "the lawsuit is all over." *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 513, 70 S.Ct. 322, 94 L.Ed. 299 (1950). The successful intervenor, on the other hand, acquires "full status" to prosecute a subsequent appeal. *Klein v. Nu-Way Shoe Co., Inc.*, 136 F.2d 986, 989 (2d Cir. 1943).

In amending Fed.R.Civ.P. 24(a), the Advisory Committee on Rules suggested that intervention of right under the Rule might be "subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." 28 U.S.C.A., Fed.R.Civ.P. 24, *Notes of Advisory Committee on Rules* at p. 18; *see Ionian Shipping Co. v. British Law Insurance Co., supra*, 426 F.2d at 191. This was not an innovative suggestion but was instead the recognition of a well-established practice. *See Ross v. Bernhard*, 396 U.S. 531, 541 n. 15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *United States v. Massachusetts Bonding & Insurance Co.*, 303 F.2d 823, 826, 829 (2d Cir.) *cert. denied,*

371 U.S. 942, 83 S.Ct. 323, 9 L.Ed.2d 276 (1962); *Klein v. Nu-Way Shoe Co., Inc., supra,* 136 F.2d at 989; *Hall County Historical Society, Inc. v. Georgia Department of Transportation,* 447 F.Supp. 741, 746 n. 1 (N.D.Ga.1978); *Alaniz v. California Processors, Inc.,* 73 F.R.D. 269, 288–89 (N.D. Cal.), *modified on other grounds,* 73 F.R.D. 289 (N.D.Cal.1976); *Harris v. General Coach Works,* 37 F.R.D. 343, 347 (E.D.Mich. 1964). We conclude that the district court followed this established practice and that his order was a grant of intervention under Rule 24.

We then move on to the question whether the district court's order permitting restricted intervention is a final order appealable under 28 U.S.C. § 1291. Generally, an order may not be appealed unless it is a final decision which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). To qualify as an exception to this statutory requirement of finality, the order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

The order appealed from does not meet these requirements. It made appellants parties to the litigation, thus giving them the right to appeal from an unsatisfactory final order. On that appeal, this Court may review the district court's refusal to grant all of appellants' requested relief, including their application for a stay which was incorporated in the notice of motion for intervention. *See Allied Air Freight, Inc. v. Pan American World Airways, Inc.,* 393 F.2d 441, 444–45 (2d Cir.), *cert. denied,* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968); *United States v. Massachusetts Bonding & Insurance Co., supra,* 303 F.2d at 826, 829. The district court's order is therefore interlocutory and cannot now be reviewed on appeal.

In some circuits, an order that properly denies intervention is treated as a nonappealable order. *Weiser v. White,* 505 F.2d 912, 916–17 (5th Cir.), *cert. denied,* 421 U.S. 993, 95 S.Ct. 1998, 44 L.Ed.2d 482 (1975); *see United States v. Perry County Board of Education,* 567 F.2d 277, 280 (5th Cir. 1978); *Hawaii-Pacific Venture Capital Corp. v. Rothbard,* 564 F.2d 1343, 1346–47 (9th Cir. 1977). Although this Court at one time followed that rule, we now treat all orders denying intervention as final for purposes of appeal. *See Ionian Shipping Co. v. British Law Insurance Co., supra,* 426 F.2d at 188–89. However, even if the order appealed from herein were to be construed as a partial denial of intervention rather than a grant of restricted intervention, we believe that, absent obvious prejudicial error, the better practice would be to dismiss for lack of jurisdiction. This will insure appellants the right of full review at a time when this Court will be able to make a detailed examination of the merits of appellants' claims. *See Handwerger v. Ginsberg,* 519 F.2d 1339, 1341 (2d Cir. 1975). It will also comport with the Supreme Court's "[long-established] policy against piecemeal appeals." *See Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 480, 98 S.Ct. 2451, 2454, 57 L.Ed.2d 364 (1978); *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940). We see no prejudicial error mandating a departure from that policy.

■ Among the elements that appellants had to establish for intervention of right was that the disposition of the action without their participation might impair their interests. *United States Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir. 1978). Because appellants might elect to be excluded from the challenged settlement "in which event they remain free to pursue their full remedies in this action and in the state court appraisal proceedings", the district judge found that their interests were not impaired. He also found that appellants' right to opt-out of the proposed settlement protected their interests from the allegedly inadequate representation. In

our present view of the case, these findings were not prejudicially erroneous. *See SEC v. Everest Management Corp.*, 475 F.2d 1236, 1238–40 (2d Cir. 1972); *Hawaii-Pacific Venture Capital Corp. v. Rothbard, supra*, 564 F.2d at 1346–47; *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1177 (9th Cir. 1977); *Alaniz v. California Processors, Inc., supra*, 73 F.R.D. at 288–89.

 We are not persuaded by appellants' claim that section 1.46 of the Manual for Complex Litigation required the district judge to grant a hearing to determine whether the settlement proceedings should go forward and that the district judge's failure to conduct such a hearing is presently reviewable on appeal. Although the Manual lists stockholders' derivative and representative suits as potential complex litigation cases, the instant action does not appear to be a complex case, and neither the parties nor the several district judges involved in the litigation have so considered it. In any event, the Manual does not mandate the holding of a preliminary hearing; it states that it is "usually desirable" that such a hearing be held. The district court's failure to follow this "usually desirable" practice will not now be reviewed by this Court.

Finally, we see no merit in appellants' contentions regarding certain alleged omissions from the notice of the proposed settlement. Notices are supposed to be neutral. *See, e. g., Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F.Supp. 364, 378 (E.D.Pa.1970). Those who refrain from opting out in reliance upon an assertedly improper notice can assert that grievance upon an appeal from the order approving the settlement. *See Marshall v. Holiday Magic, Inc., supra*, 550 F.2d at 1177–79.

It is quite obvious that appellants' motive in moving to intervene was to delay the settlement approval hearing until the four-year-old state appraisal proceeding was concluded. The district court's order was intended to avoid this delay and at the same time preserve all of appellants' rights. The order is interlocutory in nature, reviewable on appeal from the final order, and not appealable in its own right.

The appeal is dismissed.